John E. Meerbergen (CT 5901)
FERGUSON COHEN LLP
66 Field Point Road, Third Floor
Greenwich, Connecticut 06830
Tel: 203.661.5222125
Fax: 203.661.1197

Robert S. Friedman (*Admitted Pro Hac*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, Suite 2400
New York, New York 10112
Tel: 212.653.8700
Fax: 212.653.8701

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
                                                             :
EVERSPEED ENTERPRISES LIMITED,                               :
                                                             :          Case No. 09-cv-01878 (SRU)
                        Plaintiff,                           :
                                                             :
            -against-                                        :
                                                             :
SKAARUP SHIPPING INTERNATIONAL CORP.,                        :
SKAARUP FORTUNE SHIPPING LTD.,                               :
SKAARUP SHIPPING CORP., THOMAS BENE,                         :
OLE SKAARUP and JONATHAN ZHU,                                :
                                                             :          January 29, 2010
                        Defendants.                          :
                                                             :
-------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS

<u>TABLE OF CONTENTS</u>

<u>Page</u>

I. PRELIMINARY STATEMENT ...................................................................................1

II. ARGUMENT ..........................................................................................................1

    A.    PLAINTIFF'S ATTEMPT TO INTRODUCE EXTRINSIC EVIDENCE IS IMPROPER ...................................................................................1

    B.    Plaintiff's Fraud, Misrepresentation And CUTPA Claims Must Be Dismissed For Failure To State A Claim..............................................3

        1.    Plaintiff Has Failed To Allege A False Statement By The Defendants ...................................................................................3

        2.    Plaintiff Has Failed To Allege Intent To Induce Reliance, Actual Reliance Or An Actual Deceptive Act........................................4

    C.    Plaintiff's Alter Ego Claims Must Be Dismissed For Failure To State A Claim.....................................................................................6

    D.    Plaintiff's Breach Of Guarantee Claim Must Be Dismissed For Failure To State A Claim..........................................................................8

    E.    Plaintiff Has Failed To Plead Fraud With Particularity.........................10

III. CONCLUSION.....................................................................................................10

TABLE OF AUTHORITIES

Page(s)

Cases

*Angelo Tomasso, Inc. v. Armor Construction & Paving, Inc.*
   187 Conn. 544 (1982) ...................................................................................................... 6

*Atkins v. Apollo Real Estate Advisors, L.P., et al.*
   No. 05-4365, 2008 WL 1926684 (E.D.N.Y. Apr. 30, 2008) ...................................... 7

*Bremen v. Zapata Off-Shore Co.*
   407 U.S. 1 (1972) ............................................................................................................ 8

*Carnival Cruise Lines v. Shute*
   499 U.S. 585 (1991) ........................................................................................................ 8

*Caton v Caton*
   (1867) L.R. 2 H.L. 127 ................................................................................................ 10

*City of Yonkers v. Otis Elevator Co.*
   106 F.R.D. 524 (S.D.N.Y. 1985) ................................................................................ 3

*DeJesus v. Sears, Roebuck & Co., Inc.*
   87 F.3d 65 (2d Cir. 1996) .............................................................................................. 7

*Flemming v. Goodwill Mortgage Services, LLC*
   648 F. Supp. 2d 292 (D. Conn. 2009) ...................................................................... 1

*Goplin v. 51job*
   453 F. Supp. 2d 759 (S.D.N.Y. 2006) ...................................................................... 2

*Hirsch v. Arthur Andersen & Co.*
   72 F.3d 1085 (2d Cir. 1995) .................................................................................... 1, 2

*In re Spree.com Corp.*
   No. 00-34433DWS, 2001 WL 1518242 (Bankr. E.D. Pa. Nov. 2, 2001) ................ 2

*J Pereira Fernandes SA v. Metha*
   [2006] EWCH 813 (Ch) (Eng.) .................................................................................. 9

*Kavowras v. N.Y. Times Co.*
   328 F.3d 50 (2d Cir. 2003) .......................................................................................... 2

*Kirno Hill Corp. v. Holt*
   618 F.2d 982 (2d Cir. 1980) ........................................................................................ 6

*Leeman v. Stocks*
    [1951] Ch. 941 .................................................................................................................9

*Mashreqbank PSC v. Heller Financial, Inc.*
    No. 99-4748, 2001 WL 11065 (S.D.N.Y. Jan. 4, 2001) ............................................9

*North American Energy Systems, LLC, v. New England Energy Management, Inc.*
    No. 01-1230, 2002 WL 32124964 (D. Conn. Sept. 9, 2002).......................................1

*OCI Chemical Corp. v. AON Corporation,*
    No. CV054003935S, 2006 WL 2677855 (Conn. Super. Aug. 31, 2006) ...................4

*Phillips v. Audio Active Limited,*
    494 F.3d 378 (2d Cir. 2007).....................................................................................8

*Phillips v. Wells Fargo Bank, N.A.,*
    No. 09-CV-1486, 2009 WL 3456698 (S.D. Cal. Nov. 6, 2009)................................2

*Russack-Baker v. Billings P. Learned Mission, Inc.,*
    No. 566008, 2004 WL 2361801 (Conn. Super. Sept. 29, 2004)................................4

*Saint Bernard School of Montville v. Bank of America*
    No. CV085006676, 2006 WL 2677855 (Conn. Super. May 20, 2009)......................4

*Status International S.A. v. M&D Maritime Ltd.,*
    994 F. Supp. 182 (S.D.N.Y. 1998) ...........................................................................7

*Stuart v. Freiberg,*
    No. FSTCV040200508S, 2008 WL 2930434 (Conn. Super. Jul. 9, 2008) ..............4

*Woodling v. Garrett Corp.,*
    813 F.2d 543 (2d Cir. 1987)......................................................................................9

Statutes

Federal Rules of Civil Procedure, Rule 9(b) ..........................................................................10

Other Authorities

Law of Property Act § 4
    Section 40......................................................................................................................9

Defendants Skaarup Shipping International Corp. ("SSI"), Skaarup Shipping Corp. ("SSC"), Thomas Bene and Ole Skaarup (collectively, the "Defendants") hereby submit this Memorandum of Law in further support of their motion to dismiss.

## I.  PRELIMINARY STATEMENT

In a desperate attempt to cover its obvious pleading deficiencies, Plaintiff tries to submit extrinsic evidence on a motion to dismiss.  This is improper and should not be considered.  Even if this "evidence" is considered, however, Plaintiff still falls far short.  For example, Plaintiff still does not allege or present evidence of any fraudulent statements by SSC, SSI, Ole Skaarup or Thomas Bene.  Further, Plaintiff has no answer to the undisputed fact that SSI does in fact exist. The non-existence of SSI is the crutch of Plaintiff's fraud-based allegations.  Plaintiff's newly created theory, that the situs of registration is somehow important, is wholly unsupported by the allegations in the Complaint.  Plaintiff's persistence in proceeding with its claims in the Complaint is surprising.

## II.  ARGUMENT

**A.    PLAINTIFF'S ATTEMPT TO INTRODUCE
        EXTRINSIC EVIDENCE IS IMPROPER**

On a motion to dismiss, the court may consider "only facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Flemming v. Goodwill Mortgage Services, LLC*, 648 F. Supp. 2d 292, 295 (D. Conn. 2009).  *See also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) (noting that the court may consider "all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken"); *North American Energy Systems, LLC, v. New England Energy Management, Inc.*, No. 01-1230, 2002 WL 32124964, at *1 (D. Conn. Sept. 9, 2002) (refusing to consider affidavit that was not part of

amended complaint on motion to dismiss); *Goplin v. 51job*, 453 F. Supp. 2d 759, 774 (S.D.N.Y. 2006) (finding "allegations made outside of the complaint introduced by plaintiffs in their memorandum of law in opposition to motions to dismiss are not properly before the court") (internal quotations omitted).

Plaintiff's claim that Defendants introduced new factual allegations in connection with the motion to dismiss is meritless. Plaintiff's Opposition To Defendants' Motion To Dismiss ("Plaintiff's Opp.") at 7-8. Defendants have only asked the Court to take *judicial notice* of one fact, which Plaintiff does not dispute. Defendants' Memorandum of Law In Support of Motion To Dismiss ("Defendants Mem.") at 8-9. Specifically, Defendants asked the Court to take judicial notice of the existence of SSI, a matter which is properly subject to judicial notice. *See Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003); *Phillips v. Wells Fargo Bank, N.A.*, No. 09-CV-1486, 2009 WL 3456698, at *3 (S.D. Cal. Nov. 6, 2009); *In re Spree.com Corp.*, No. 00-34433DWS, 2001 WL 1518242, at *10 (Bankr. E.D. Pa. Nov. 2, 2001). Otherwise, Defendants' motion to dismiss is entirely based upon the allegations contained in the Complaint.

Plaintiff, on the other hand, specifically relies upon newly presented facts and documents to support its argument in opposition to the motion to dismiss. Both Plaintiff's Opposition and the Declaration of Michael Mitchell ("Mitchell Decl.") submitted therewith contain numerous new factual allegations which were not included in the Complaint or the Declaration of Keith Denholm ("Denholm Decl."). The Mitchell Decl. also includes six new documents which were not included with Plaintiff's pleading. Plaintiff's reliance on these newly presented facts and documents is improper on a motion to dismiss. *See e.g., Hirsch*, 72 F.3d at 1092.[1]

---

[1] In its Opposition, Plaintiff makes repeated accusations regarding the supposed failure of Defendants to make necessary factual allegations in the motion to dismiss. Plaintiff's Opp. at 5 ("Moving Defendants have not actually alleged events different than those described in the Complaint"). In particular, Plaintiff (footnote continued)

B.  **Plaintiff's Fraud, Misrepresentation And CUTPA Claims**
    **Must Be Dismissed For Failure To State A Claim**

    1.  **Plaintiff Has Failed To Allege A False Statement By The Defendants**

Plaintiff does not dispute that there are no allegations of fraudulent statements by Ole Skaarup, Thomas Bene, SSC or SSI. Plaintiff also does not dispute that SSI does in fact exist as a Vanuatu corporation and, therefore, the Complaint and the Denholm Decl. are completely devoid of any allegations of a false statement or representation made by the Defendants regarding the existence of SSI. Defendants' Mem. at 6-9.

Plaintiff does not contradict Defendants' argument that the Complaint fails to allege a false statement by the Defendants regarding the existence of SSI or any other matter. Indeed, Plaintiff states that, given the existence of SSI, "[s]ome of Plaintiff's fraud theories may no longer be viable absent additional evidence."[2] Plaintiff's Opp. at 20. Plaintiff has conceded that it would need additional evidence in order to determine if a false statement was made by Defendants and sustain its claims as alleged. However, Plaintiff's baseless claims cannot survive a motion dismiss on the grounds that discovery is needed to ascertain whether the claims asserted are well founded. *See City of Yonkers v. Otis Elevator Co.* 106 F.R.D. 524, 525 (S.D.N.Y. 1985). As set forth in the Motion for Sanctions filed by Defendants, the allegations made in a complaint must be supported by a sufficient factual predicate at the time the claims are asserted. *Id.* Here, Plaintiff has not alleged any false statements by Defendants that are based in fact. As a

---

states "[a]t no time do the Moving Defendants dispute that SSI Liberia was in fact dissolved" and "at no time do the Moving Defendants state that SSI Vanuatu was in fact the proffered guarantor." *Id.* at 4. These statements show that Plaintiff has completely misconstrued the purpose of a motion to dismiss. Defendants are under no obligation to (and indeed cannot) dispute allegations in the Complaint on a motion to dismiss. *See Flemming*, 648 F. Supp. 2d at 295.

[2] Plaintiff states in its Opposition that, while some of its fraud claims are no longer viable, its "fraud by nondislcosure theory becomes that much stronger" if SSI is the alleged guarantor. Plaintiff's Opp. at 20. This argument is nonsensical since the basis of its fraud theory as alleged in the Complaint is that SSI does not exist.

result, Plaintiff's fraud, misrepresentation and violation of CUTPA claims must be dismissed for failure to state a claim.

### 2.    Plaintiff Has Failed To Allege Intent To Induce Reliance, Actual Reliance, Or An Actual Deceptive Act

Even assuming that the Court considers the new allegations and documents which Plaintiff has inappropriately submitted in support of its Opposition, the new allegations are insufficient to save Plaintiff's fraud, negligent misrepresentation and CUTPA claims. Plaintiff still has not alleged a false statement by any of the Defendants which induced Plaintiff to enter into the Charter Party Contract or which plaintiff actually relied upon in entering into the Charter Party Contract.

Moreover, under Connecticut law, both intent to induce reliance and actual reliance are required elements of fraud claims which must be alleged in order to survive a motion to dismiss. *See Stuart v. Freiberg*, No. FSTCV040200508S, 2008 WL 2930434, at *4 (Conn. Super. Jul. 9, 2008) (dismissing fraud claim for failure to allege reliance); *OCI Chemical Corp. v. AON Corporation*, No. CV054003935S, 2006 WL 2677855, at * 4 (Conn. Super. Aug. 31, 2006) (striking fraudulent suppression claim for failure to allege the elements of intent to induce and actual reliance where withholding of information occurred after alleged loss); *Russack-Baker v. Billings P. Learned Mission, Inc.*, No. 566008, 2004 WL 2361801, *2 (Conn. Super. Sept. 29, 2004) (dismissing fraudulent misrepresentation claim for failure to allege reliance). Likewise, reasonable reliance is a required element of a claim for negligent misrepresentation. *Stuart*, 2008 WL 2930434 at *5 (dismissing negligent misrepresentation claim for failure to allege reliance). Finally, alleging a violation of CUTPA requires an allegation of either an *actual deceptive practice* or a practice amounting to a violation of public policy. *See Saint Bernard School of Montville v. Bank of America*, No. CV085006676, 2006 WL 2677855, at * 6 (Conn. Super. May

20, 2009) (finding no CUPTA claim "when a defendant merely has not delivered on a promise unless the defendant made a representation as to a future fact coupled with a present intent to [fulfill] the promise") (omitting internal quotations).

Here, Plaintiff's new theory of the case is that Jonathan Zhu "fraudulently proffered the dissolved Liberian entity as a guarantor." Plaintiff's Opp. at 8. There is simply no support for this in the Complaint. The Complaint does not set forth any allegations supporting its theory that "SSI Liberia" is the purported guarantor. In particular, Plaintiff does not allege in the Complaint, or otherwise, that Mr. Zhu, Mr. Syrrist or the Defendants ever represented that SSI was incorporated in Liberia during the negotiations of the Charter Party Contract or any time prior to the termination of the Charter Party Contract. Instead, in its Opposition, Plaintiff alleges only that Mr. Syrrist stated that SSI was a Liberian corporation in an email to Mr. Denholm dated August 25, 2009, over seventeen months after the date of the Charter Party Agreement. Plaintiff's Opp. at 7; Mitchell Decl. at ¶ 15, Ex. 3. Most important, the Complaint is entirely devoid of any allegations that SSC, SSI, Ole Skaarup, or Thomas Bene said or did anything approaching fraud.

Plaintiff could not possibly have been induced by Mr. Syrrist's representation to enter in the Charter Party Contract since his representation regarding SSI's jurisdiction of incorporation was made long after the Charter Party Contract was entered into and even after the alleged loss was sustained by Plaintiff. Likewise, Plaintiff could not have actually or reasonably relied upon Mr. Syrrist's statement in entering into the Charter Party Contract since his statement happened after the fact. Furthermore, Mr. Syrrist's alleged misrepresentation could not have been an actual deceptive act since it happened after Plaintiff's injury. As a result, even considering the

-5-

new allegations contained in Plaintiff's Opposition, Plaintiff has still failed to allege facts sufficient to sustain its claims for fraud, negligent misrepresentation and violation of CUTPA.[3]

## C.    Plaintiff's Alter Ego Claims Must Be Dismissed For Failure To State A Claim

In its Opposition, Plaintiff argues that the Connecticut alter ego law is irrelevant and that federal maritime law, not Connecticut law, applies to its alter ego claim. Plaintiff's Opp. at 9-12. However, the tests for piercing the corporate veil under Connecticut law largely overlap the alter ego tests adopted under federal maritime law. Plaintiff's Opp. at 9-12; *see Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir. 1980). As detailed in Defendants Memorandum of Law, Connecticut law permits piercing the corporate veil under either the instrumentality or identity tests. *Angelo Tomasso, Inc. v. Armor Construction & Paving, Inc.*, 187 Conn. 544, 553-554 (1982). Similarly, federal maritime law allows for piercing of the corporate veil either when a defendant has used his corporation to perpetrate a fraud or has "so dominated and disregarded" the corporate form that his corporation transacted his "personal business rather than its own corporate business." *Kirno Hill Corp.*, 618 F.2d 982, 985. As set forth below, under either Connecticut law or federal maritime law, Plaintiff has failed to properly state an alter ego claim.

For the same reasons that Plaintiff fails to state a claim under the Connecticut instrumentality test, Plaintiff's allegations also fail under the federal maritime fraud test.[4] Defendants' Mem. at 14-16. In particular, Plaintiff has failed to plead a fraud as required under the federal maritime alter ego test. *See Kirno Hill Corp.* 618 F.2d at 985. In addition the

---

[3] Alternatively, should this Court find that federal maritime law controls Plaintiff's claims, this court would then be required to dismiss Plaintiff's CUTPA claim as preempted by admiralty law. *See DeRossi v. National Loss Management*, 328 F. Supp. 2d 283, 288-89 (D. Conn. 2004) (dismissing CUTPA claim as preempted by admiralty law).

[4] Indeed, the only case that Plaintiff cites to in its analysis of the federal maritime fraud test is a Connecticut case. *See* Opposition at 12 (citing *Gallagher v. Whittaker*, No. PJRFSTCV075004857S, 2008 WL 344574 (Conn. Super. Jan. 11, 2008). Thus, Plaintiff has conceded that the Connecticut law is in fact relevant to this analysis.

conclusory allegations and legal conclusions relating to control set forth in Plaintiff's Complaint are insufficient under federal maritime law. *DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) ("[c]onclusory allegations [and] legal conclusions masquerading as factual conclusions[,] will not suffice to prevent a motion to dismiss"). Accordingly, Plaintiff has failed to state an alter ego claim based upon fraud under either Connecticut or federal maritime law.

Likewise, for the same reasons that Plaintiff failed to state an alter ego claim under Connecticut's identity test, it has also failed to state a claim under the domination test applied under federal maritime law. Defendants' Mem. at 16-17. As a general matter, a corporate relationship alone is not sufficient to bind a parent corporation for the actions of its subsidiary. *DeJesus*, 87 F.3d at 69-70. "Indeed, ownership by a parent of all its subsidiary's stock has been held an insufficient reason in and of itself to disregard distinct corporate entities." *Id.* (internal quotation omitted). Instead, under federal maritime law, plaintiffs must show actual domination, rather than the opportunity to exercise control. *Id. See also Atkins v. Apollo Real Estate Advisors, L.P., et al.*, No. 05-4365, 2008 WL 1926684, at * 9 (E.D.N.Y. Apr. 30, 2008) (allegations were insufficient where plaintiffs did not support the allegations with specific facts concerning wrongdoing, and did not show that either alleged alter ego actually dominated one of the defendants); *Status International S.A. v. M&D Maritime Ltd.*, 994 F. Supp. 182, 186 (S.D.N.Y. 1998) (allegation that entity was "wholly owned" by alleged alter ego was insufficient to overcome the presumption of corporate separateness where complaint was devoid of any other supporting facts).

Here, Plaintiff has not alleged any specific facts to support its conclusory allegation that SSC "exercises complete domination and control over each of the defendants and/or disregards the defendants corporate forms and/or conducts the business and operations of the defendants as

-7-

if the same were SSC's own." Complaint at ¶ 95. Instead, Plaintiff merely alleges that

defendants "hold themselves out as the 'Skaarup Group,'" and that "the same directors and

officers appear across multiple entities." These allegations fall far short of the requirements for

pleading actual domination under either Connecticut or federal maritime law.

**D.    Plaintiff's Breach Of Guarantee Claim Must Be
Dismissed For Failure To State A Claim**

Plaintiff argues that federal maritime law or, in the alternative, English law governs the

determination of whether a valid guarantee exists. The alleged guarantee in question, namely the

unsigned and undated draft guarantee which was sent by Mr. Zhu to Mr. Denholm, contains a

choice of law provision which precludes the application of federal maritime law to the

determination of whether an enforceable guarantee exists. Specifically, the alleged guarantee

states the following: "This letter of guarantee and all rights and obligations arising hereunder

shall be governed by and construed and take effect according to English laws." Denholm Decl.

at Ex. 4.

"Federal courts give substantial weight to choice of law provisions." *Phillips v. Audio

Active Limited*, 494 F.3d 378, 384 (2d Cir. 2007). *See also Bremen v. Zapata Off-Shore Co.*, 407

U.S. 1, 13 n. 15 (1972) (enforcing forum selection clause and recognizing that forum selection

clause also acted as a choice of law clause, and noting choice of law provisions are

presumptively valid where the underlying transaction is fundamentally international in

character); *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 591 (1991) (applying *Bremen* to

enforce forum selection clause). Here, the choice of law provision in question states that all

rights and obligations shall "take effect" according to English law. In other words, the provision

itself calls for application of English law to determine whether the guarantee has "taken effect"

or is enforceable. "The issues of the validity and enforceability or voidability of a [contract] are

plainly matters of substance as to which the parties' choice of law will be honored." *Woodling v. Garrett Corp.*, 813 F.2d 543, 552 (2d Cir. 1987) (affirming voidance of a release under Connecticut law based on choice of law provision calling for issues of "validity, effect or enforceability" to be determined under Connecticut law); *Mashreqbank PSC v. Heller Financial, Inc.*, No. 99-4748, 2001 WL 11065, at *2 n. 2 (S.D.N.Y. Jan. 4, 2001). Thus, in accordance with the choice of law provision contained in the alleged guarantee, English law, not federal maritime law, should govern the determination of whether a valid guarantee exists.

As Plaintiff concedes in its Opposition, the Connecticut cases cited by Defendants on the validity of the guarantee are "persuasive" since "Section 4 of the English Statute of frauds is substantially similar to the Connecticut statute." Plaintiff's Opp. at 18. As set forth in Defendants' Memorandum, under Connecticut law, Plaintiff has failed to allege the existence of an enforceable guarantee under the Statute of Frauds since the alleged guarantee is an unsigned, undated draft. Defendants' Mem. at 10-11. Further, Plaintiff has failed to allege facts sufficient to establish a meeting of the minds between SSI and Plaintiff on the terms of the guarantee. *Id.* at 11-12. Accordingly, under Connecticut law, Plaintiff has failed to state a claim for breach of guarantee against SSI or any of the other Defendants.[5]

---

[5] The English cases cited by Plaintiff in its Opposition do not change the analysis as set forth by Defendants under Connecticut law. Plaintiff's Opp. at 18-20. For example, Leeman v. Stocks, [1951] 1 Ch. 841, involved the question of whether there was sufficient memorandum of writing in relation to the sale of property at an auction. Section 40 of the Law of Property Act Section 4, not the Statute of Frauds, was the provision at issue in the case and, therefore, Leeman is irrelevant. Further, in J Pereira Fernandes SA v. Metha, [2006] 1 WLR 1543, the court found that there was a sufficient writing to satisfy the Statute of Frauds where the defendant sent an offer of a personal guarantee to plaintiff by email and the defendant's email address was a considered a signature that satisfied Section 4 of the Statue of Frauds. In that case, however, the defendant was the actual party that was providing the guarantee. Here, Plaintiff's have not alleged that anyone from SSI sent an email to Plaintiff regarding the guarantee which could possibly be construed as a signature that would satisfy the Statute of Frauds. Finally, in Caton v. Caton, (1867) L.RI. 2 H.L. 127, the court found that a handwritten document did not constitute a contract signed within the Statute of Frauds even though the name of the party against whom specific performance was sought was found in various places on the writing. Thus, this case actually supports Defendants' (footnote continued)

**E.      Plaintiff Has Failed To Plead Fraud With Particularity**

Plaintiff has ignored Defendants' argument regarding failure to plead fraud with particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure. As a result, for the reasons set forth in Defendants' Memorandum, each of Plaintiff's fraud claims should be dismissed for failure to plead with particularity.

## III.  CONCLUSION

For all the reasons set forth above and in Defendants' Memorandum of Law in Support of Motion to Dismiss, Defendants respectfully request that the Court grant Defendants' motion to dismiss in its entirety.

DATED:      February 12, 2010            SHEPPARD MULLIN RICHTER & HAMPTON LLP
            New York, New York

                                         By: _____
                                             Robert S. Friedman (Admitted *Pro Hac*)
                                             Lisa M. Lewis (Admitted *Pro Hac*)
                                             Mark McGrath (Admitted *Pro Hac*)
                                             30 Rockefeller Plaza, Suite 2400
                                             New York, New York  10112
                                             Tel:  212.653.8700
                                             Fax:  212.653.8701

                                             John E. Meerbergen (CT 5901)
                                             FERGUSON COHEN LLP
                                             66 Field Point Road, Third Floor
                                             Greenwich, Connecticut  06830
                                             Tel:  203.661.5222
                                             Fax:  203.661.1197

                                             *Attorneys for Defendants*
                                             *Skaarup Shipping International Corp., Skaarup*
                                             *Shipping Corp., Thomas Bene and Ole Skaarup*

---

argument that the mere presence of SSI's name on the draft guarantee does not satisfy the requirement of a signature under the Statute of Frauds.

-10-

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
:
EVERSPEED ENTERPRISES LIMITED,      :      Case No. 09-cv-01878 (SRU)
:
           Plaintiff,      :
:
       -against-      :      **CERTIFICATE OF SERVICE**
:
SKAARUP SHIPPING INTERNATIONAL CORP., :
SKAARUP FORTUNE SHIPPING LTD.,      :
SKAARUP SHIPPING CORP., THOMAS BENE,   :
OLE SKAARUP and JONATHAN ZHU,      :
:
           Defendants.     :      February 12, 2010
:
---------------------------------------------------------------X

       I hereby certify that on February 12, 2010, I filed a copy of the foregoing **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS SKAARUP SHIPPING INTERNATIONAL CORP., SKAARUP SHIPPING CORP., THOMAS BENE, AND OLE SKAARUP'S MOTION TO DISMISS** electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                DEFENDANTS SKAARUP SHIPPING INTERNATIONAL CORP., SKAARUP SHIPPING CORP., THOMAS BENE AND OLE SKAARUP

                                By: _____
                                    Mark E. McGrath (phv03772)
                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                    30 Rockefeller Plaza, Suite 2400
                                    New York, New York  10112
                                    Tel:  212.653.8700