# EXHIBIT 1

# MICHAEL J. MITCHELL, P.C.

Attorney At Law · Proctor In Admiralty
494 Eighth Avenue, 7th Floor, New York, New York 10001
Telephone (646) 224-0270 · Facsimile (646) 328-0121 · Mobile (917) 328-0673
EMAIL: MIMOMA@RCN.COM

February 24, 2009

**Via Email: (chartering@skaarupfortune.com)**
Skaarup Fortune Shipping Ltd.
Room 906 Zhongrong Plaza
1088 Pudong Rd. (S)
Shanghai, 200120
P.R. CHINA

**Via Email: (brokers@skaarup.com)**
Skaarup Shipping International Corp.
66 Field Point Road
Greenwich, CT 06830

> Re:  Everspeed Enterprises Limited Pte Ltd.
> v. Skaarup Fortune Shipping Ltd.,
> Skaarup Shipping International Corp.
> U.S. District Court Southern District of New York
> O9 CIV 1319 (LBS)
> Our File: 107-0006

Dear Sirs:

We represent Plaintiff EVERSPEED ENTERPRISES LIMITED PTE LTD. in the captioned matter.

We have obtained a Rule B Attachment against Skaarup Fortune Shipping Ltd and Skaarup Shipping International Corp in the amount of US $49,690,801.00 for disputes arising out of the charter party dated 9, March 2008.  Attached hereto please find the following documents:

1. Verified Complaint
2. Affidavit
3. Writ of Attachment
4. Ex Parte Order

In accordance with Local Rule B.2, you are hereby notified that we have restrained the following funds belonging to Skaarup Fortune Shipping Ltd.:

J.P. Morgan Chase Bank – US $894,050.00

Skaarup Fortune Shipping Ltd.
Skaarup Shipping International Corp.
February 24, 2009
Page 2.

Please contact the undersigned with any questions you may have.

Very truly yours,

Michael J. Mitchell

MJM/ap

Encl.

Z:\Staff folders\MJM\Pacific Carriers Ltd\107-0006 MV Bunga Saga\Letters\SkaarupFortuneShippingLtd-022409.doc

JUDGE SAND

Michael J. Mitchell, P.C.
**Attorneys for Plaintiff**
**EVERSPEED ENTERPRISES LIMITED PTE LTD.**
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    (646) 328-0120
Facsimile:    (646) 328-0121
Michael J. Mitchell (MM9005)
MIMOMA@RCN.COM

'09 CIV 1319

RECEIVED
FEB 1 8 2009
U.S.D.C. S.D.N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
EVERSPEED ENTERPRISES LIMITED PTE. LTD.,

                    Plaintiff,

    -against-                               **VERIFIED COMPLAINT**

SKAARUP FORTUNE SHIPPING LTD,
SKAARUP SHIPPING INTERNATIONAL CORP.,

                    Defendants.
-------------------------------------------------------------X

      Plaintiff, EVERSPEED ENTERPRISES LIMITED PTE. LTD., by their attorneys, Michael J. Mitchell, P.C., complaining of the defendants, SKAARUP FORTUNE SHIPPING LTD. and SKAARUP SHIPPING INTERNATIONAL CORP., herein, alleges upon information and belief as follows:

      1.    This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.    At all times hereinafter mentioned, Plaintiff, EVERSPEED ENTERPRISES LIMITED PTE. LTD. ("EVERSPEED"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and place of business in Singapore.

3.    At all times hereinafter mentioned, defendants SKAARUP FORTUNE SHIPPING LTD. ("Skaarup Fortune") was, and still is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Shanghai, China.

4.    At all times hereinafter mentioned, defendants SKAARUP SHIPPING INTERNATIONAL CORP. ("Skaarup International") was, and still is, an out of state corporation or other business entity duly organized and existing under and by virtue of the laws of Connecticut, with an office and  principal place of business in Connecticut.

5.    Plaintiff Everspeed was at all pertinent times the disponent owners of the M/V BUNGA SAGA 9.

6.    On or about the 9th day of March 2008, defendant entered into a maritime contract with plaintiff for the charter of the M/V BUNGA SAGA 9, wherein Defendant Skaarup Fortune agreed to pay Plaintiff Everspeed charter hire and demurrage at the rates specified in the contract for use of vessel charter period through December 15, 2010.

7.    The charter party provided for payment of hire at the rate of US $56,500.00 per day payable every fifteen days in advance.

8.    The parties further agreed to the arbitration of disputes arising out of the charter in Singapore with English law to apply.

9.    On or about January 23, 2009, Defendant Skaarup Fortune wrongfully terminated the charter, causing Plaintiff substantial economic harm and financial losses for the duration of the charter.

10.     Defendant Skaarup Fortune has failed to comply with its obligation to pay hire according to the terms of the charter party, thereby causing Plaintiff to suffer damages and losses in the estimated amount of US $39,041,500.00.

11.     Skaarup International guaranteed the performance of Skaarup Fortune and thus are jointly and severally liable to Everspeed for damages caused by Skaarup Fortune's breaches of the charter.

12.     Pursuant to the terms of the charter, all disputes arising under the charter are to be submitted to arbitration in Singapore with English law to apply.  Plaintiff has commenced arbitration against Defendants in accordance with the terms of the charter.

13.     This action is brought in order to obtain jurisdiction over Defendants and also to obtain security for Plaintiff's claims and in aid of the pending Singapore arbitration proceedings.

14.     As best as can now be estimated, Plaintiff Everspeed expects to recover the following amounts in Singapore arbitration from Defendants Skaarup Fortune and Skaarup International:

| | | |
|---|---|---|
| A. Principal Claim: | US | $39,041,500.00 |
| B. Interest on Principal (3years, 7.5% computed quarterly): | US | $9,749,301.00 |
| C. Estimated Attorney Fees: | US | $600,000 |
| D. Estimated Arbitration Expenses: | US | $300,000 |
| **TOTAL CLAIM** | US | $49,690,801.00 |

15.     Plaintiff specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure plaintiff.

16.     This action is brought *inter alia* pursuant to 9 U.S.C. § 8 in order to obtain security for plaintiff's claims made or to be made in another jurisdiction including Singapore.

3

The contracts at issue here are maritime contracts which provide for all disputes to be decided by arbitration in Singapore with English Law to apply.

17.     Plaintiff has commenced arbitration against Defendants in accordance with the charter.

18.     As a regular feature of English law and Singapore arbitration, attorney's fees are awarded to the successful litigant, along with costs, disbursements, and interest, all of which constitutes a part of the plaintiff's main claim in admiralty and the amount sued for herein.

19.     Upon information and belief, and after investigation, defendants cannot be found within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but plaintiff believes that defendants have, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendant (collectively hereinafter, "assets"), including but not limited to in its name and/or being transferred for its benefit funds, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

20.     Defendants are engaged in worldwide maritime commerce and conduct business in U.S. dollars, and have in the past transferred sums of money to plaintiff through the New York banking system.

21.     All international U.S. dollar fund transfers are processed by intermediary banks in the United States, primarily through banks located in the Southern District of New York.

4

22.    Plaintiff has good cause to believe that defendants have assets, including but not limited to accounts, monies, charter hire, credits, debts owing to defendants, payments for bunkers, cargo, goods and services, unmatured debts, freight and/or hire payments to, from or for the benefit of defendants and/or Clearing House Interbank Payment System credits or funds being transferred through intermediary banks, located within this District in the possession of garnishees, including: ABN AMRO Bank, American Express Bank, Bank of America, Bank of China, Bank of New York Mellon, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon Bank, Citibank, Credit Suisse, Deutsche Bank, HSBC, JP Morgan Chase, Societe Generale, Standard Chartered Bank, UBS AG, Wachovia Bank and/or Wells Fargo Bank.

23.    The total amount sought to be attached pursuant to the above is $49,690,801.00.

**WHEREFORE,** Plaintiff prays:

1.    That process in due form of law according to the practice of this Court may issue against defendants citing them to appear and answer the foregoing;

2.    That if defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of defendant up to and including $49,690,801.00 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, frights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of defendant, including but not limited to assets in its name and/or being transferred for its benefit, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

5

3.     That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the defendants in the Singapore proceedings; and,

4.     For such other, further and different relief as this Court may deem just and proper in the premises.

Dated:  New York, New York
        February 13, 2009

                        Michael J. Mitchell, P.C.
                        Attorneys for Plaintiff
                        EVERSPEED ENTERPRISES LIMITED PTE. LTD.


                        Michael J. Mitchell
                        494 Eighth Avenue, 7th Floor
                        New York, New York 10001
                        Telephone:    (646) 328-0120
                        Facsimile:    (646) 328-0121
                        MIMOMA@RCN.COM

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       )  ss.:
COUNTY OF NEW YORK  )

Michael J. Mitchell, being duly sworn, deposes and says as follows:

1.      I am an attorney duly admitted to practice before this Honorable Court and represent plaintiff, EVERSPEED ENTERPRISES LIMITED PTE. LTD. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.      The reason this verification is made by an attorney and not by the plaintiff is because the plaintiff is a foreign entity, none of whose officers are presently within this Judicial district

_____
Michael J. Mitchell

Sworn to before me this
13th day of February, 2009

_____
Notary Public

NICHOLAS P. GIULIANO
Notary Public, State of New York
No. 02GI4759611 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 3-30-2010

Z:\Staff folders\MJM\Pacific Carriers Ltd\107-0006 MV Bunga Saga\Legal\Rule B Underseal\VerifComp-021109.doc

7

Michael J. Mitchell (MM9005)
Attorneys for Plaintiff
**EVERSPEED ENTERPRISES LIMITED PTE. LTD.**
**494 Eighth Avenue, 7th Floor**
**New York, New York 10001**
**Telephone:    (646) 328-0120**
**Facsimile:    (646) 328-0121**
**Michael J. Mitchell (MM9005)**
**MIMOMA@RCN.COM**

**09 CV 1319**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
EVERSPEED ENTERPRISES LIMITED PTE. LTD.,                    09-CV

                                    Plaintiff,

        -against-

SKAARUP FORTUNE SHIPPING LTD.,
SKAARUP SHIPPING INTERNATIONAL CORP.,

                                    Defendants.
-------------------------------------------------------------X

### AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

STATE OF NEW YORK      )
                       )      ss:
COUNTY OF NEW YORK     )

Michael J. Mitchell, being duly sworn, deposes and says:

1.      I am a member of the Bar of this Court and represent the plaintiff herein.  I am

familiar with the facts of this case and make this Affidavit in support of plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

2.    I have attempted to locate the defendants within this District.  As part of my investigation to locate the defendants within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the defendants.  I also performed a Google search on the Internet.  Finally, I checked the New York State Department of State Corporation and Business Entity online database which showed no listings or registration for the defendants. *See search result of New York State Department of Corporation's online database attached as Exhibit 1.*

3.    I submit based on the foregoing that the defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.    Upon information and belief, the defendants have, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the defendants.

5.    The governing charter party is subject to Singapore arbitration, English Law to apply.  Plaintiff has commenced arbitration against Defendants in accordance with the terms of the charter.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

6.    Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Michael J. Mitchell, or any other partner, associate, paralegal or agent of Michael J. Mitchell, P.C., or any process server employed by Michael J. Mitchell,

P.C., be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment and/or the Verified Complaint, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the plaintiff) may hold assets of, for or on account of, the defendants.

7.      Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by plaintiff and entered against the defendants.

8.      To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.      Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the defendants, within this District.  Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10.    Further, in order to avoid the need to repetitively serve the garnishees/banks, plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.

_____
Michael J. Mitchell

Sworn and subscribed to before me
this 13th day of February 2009

_____
Notary Public

Z:\Staff folders\MJM\Pacific Carriers Ltd\107-0006 MV Bunga Saga\Legal\Rule B Underseal\AffdSuppPrayMariAtt-011109.doc

NICHOLAS P. GIULIANO
Notary Public, State of New York
No. 02GI4759611 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 3-30-2010

   

# Department of State

## Division of Corporations

### Search Our Corporation and Business Entity Database

The Corporation and Business Entity Database includes business and not for profit corporations, limited partnerships, limited liability companies and limited liability partnerships, as well as other miscellaneous businesses. This information is best viewed with Netscape Navigator 7.0 and above or Internet Explorer 6.0 and above. Please note that the database does not include corporate or other business entity assumed names filed pursuant to General Business Law, §130. Assumed name filings are filed and maintained by the Division of Corporations for corporations, limited liability companies and limited liability partnerships. Although maintained by the Division of Corporations, searches of records of assumed names used by corporations, limited liability companies and limited partnerships must be made by a written, faxed or e-mail request to the Division. All other entities such as general partnerships, sole proprietorships and limited liability partnerships file an assumed name certificate directly with the county clerk in each county in which the entity conducts or transacts business.

Every effort has been made to ensure that the information contained on this site is up to date and accurate. As the Department relies upon information provided to it, the information's completeness or accuracy cannot be guaranteed. If you have any questions about performing a search or the results you receive, please contact the NYS Department of State, Division of Corporations at (518) 473-2492, Monday - Friday, 8:30 a.m. - 4:30 p.m.

The information contained in this database is current through February 12, 2009.

Revise Search Criteria

| | |
|---|---|
| Entity Name * | Skaarup |
| Name Type * | Active Only |
| Search Type * | Begins With |

The items marked with * are required.

[ Search the Database ]

To search the database do the following:

1. Enter the Corporation or Business Entity Name being searched for.
2. Select a Name Type.
3. Select a Search Type.
4. Tab to Search the Database and press the enter key or click Search the Database.

Additional Search Instructions

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# NYS Department of State

## Division of Corporations

**Informational Message**

---

No business entities were found.

Please refine your search criteria.

To continue please do the following:

Tab to Ok and press the Enter key or Click Ok.

<u>Ok</u>

<u>Division of Corporations, State Records and UCC Home Page</u>     <u>NYS Department of State Home Page</u>

NYS Department of State Corporation and Business Entity Database                Page 1 of 1



# Department of State

## Division of Corporations

### Search Our Corporation and Business Entity Database

The Corporation and Business Entity Database includes business and not for profit corporations, limited partnerships, limited liability companies and limited liability partnerships, as well as other miscellaneous businesses. This information is best viewed with Netscape Navigator 7.0 and above or Internet Explorer 6.0 and above. Please note that the database does not include corporate or other business entity assumed names filed pursuant to General Business Law, §130. Assumed name filings are filed and maintained by the Division of Corporations for corporations, limited liability companies and limited partnerships. Although maintained by the Division of Corporations, searches of records of assumed names used by corporations, limited liability companies and limited liability partnerships must be made by a written, faxed or e-mail request to the Division. All other entities such as general partnerships, sole proprietorships and limited liability partnerships file an assumed name certificate directly with the county clerk in each county in which the entity conducts or transacts business.

Every effort has been made to ensure that the information contained on this site is up to date and accurate. As the Department relies upon information provided to it, the information's completeness or accuracy cannot be guaranteed. If you have any questions about performing a search or the results you receive, please contact the NYS Department of State, Division of Corporations at (518) 473-2492, Monday - Friday, 8:30 a.m. - 4:30 p.m.

The information contained in this database is current through February 12, 2009.

---Search Criteria---

| | |
|---|---|
| Entity Name * | Skaarup Fortune Shipping LTD |
| Name Type * | Active Only |
| Search Type * | Begins With |

The items marked with * are required.

[ Search the Database ]

To search the database do the following:

1. Enter the Corporation or Business Entity Name being searched for.
2. Select a Name Type.
3. Select a Search Type.
4. Tab to Search the Database and press the enter key or click Search the Database.

Additional Search Instructions

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# NYS Department of State

## Division of Corporations

### Informational Message

---

No business entities were found.

Please refine your search criteria.

To continue please do the following:

Tab to Ok and press the Enter key or Click Ok.

<u>Ok</u>

<u>Division of Corporations, State Records and UCC Home Page</u>    <u>NYS Department of State Home Page</u>



# Department of State

## Division of Corporations

### Search Our Corporation and Business Entity Database

The Corporation and Business Entity Database includes business and not for profit corporations, limited partnerships, limited liability companies and limited liability partnerships, as well as other miscellaneous businesses. This information is best viewed with Netscape Navigator 7.0 and above or Internet Explorer 6.0 and above. Please note that the database does not include corporate or other business entity assumed names filed pursuant to General Business Law, §130. Assumed name filings are filed and maintained by the Division of Corporations for corporations, limited liability companies and limited partnerships. Although maintained by the Division of Corporations, searches of records of assumed names used by corporations, limited liability companies and limited partnerships must be made by a written, faxed or e-mail request to the Division. All other entities such as general partnerships, sole proprietorships and limited liability partnerships file an assumed name certificate directly with the county clerk in each county in which the entity conducts or transacts business.

Every effort has been made to ensure that the information contained on this site is up to date and accurate. As the Department relies upon information provided to it, the information's completeness or accuracy cannot be guaranteed. If you have any questions about performing a search or the results you receive, please contact the NYS Department of State, Division of Corporations at (518) 473-2492, Monday - Friday, 8:30 a.m. - 4:30 p.m.

The information contained in this database is current through February 12, 2009.

**Search Criteria**

| | |
|---|---|
| Entity Name * | Skaarup Shipping International |
| Name Type * | Active Only |
| Search Type * | Begins With |

The items marked with * are required.

[ Search the Database ]

To search the database do the following:

1. Enter the Corporation or Business Entity Name being searched for.
2. Select a Name Type.
3. Select a Search Type.
4. Tab to Search the Database and press the enter key or click Search the Database.

Additional Search Instructions

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# NYS Department of State

## Division of Corporations

## Informational Message

---

No business entities were found.

Please refine your search criteria.

To continue please do the following:

Tab to Ok and press the Enter key or Click Ok.

### Ok

Division of Corporations, State Records and UCC Home Page     NYS Department of State Home Page

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York – GREETINGS:

WHEREAS, a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 13th day of February, 2009 by

EVERSPEED ENTERPRISES LIMITED PTE. LTD.,

Plaintiff,                                       09-CV- 1319 (CLBS)

- against -

SKAARUP FORTUNE SHIPPING LTD.,
SKAARUP SHIPPING INTERNATIONAL CORP.,

Defendants.

in a certain action for breach of a maritime contract, resulting in damages being suffered by EVERSPEED ENTERPRISES LIMITED PTE LTD. in the amount of US $49,690,801.00 and praying for process of maritime attachment and garnishment against the defendants, and

WHEREAS, this process is issued pursuant to such prayer and require that a garnishee shall serve his answer, together with answers to any interrogatories served with the complaint, within 20 days after service of process upon him and requires that defendants shall serve their answers within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the defendant cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach credits and effects to the amount sued for, in the hands of:  American Express Bank, Ltd., JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank and Fortis Bank, and Nordea Bank Finland PLC or any other Bank or financial institutions located in New York, New York, to wit: cash, funds, freight, hire and credits owing up to the sum of US $49,690,801.00 and that you promptly after execution of this process, file the same in this Court, with your return thereon.

WITNESS, the Honorable *Leonard B. Sand*, Judge of said Court, this *18* th day of February, 2009, and of our Independence the Two Hundred and Thirty-Second.

J. MICHAEL McMAHON
Clerk

By:     *Candice Landy*
                     Deputy Clerk

Michael J. Mitchell, P.C.
Attorneys for Plaintiff
Michael J. Mitchell (MM 9005)
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:     (646) 328-0120
Facsimile:     (646) 328-0121

CERTIFIED AS A TRUE COPY ON

THIS DATE   *2/18/09*

BY   *Candice Brown*
          ( ) Clerk
          (✓) Deputy

JUDGE SAND



Michael J. Mitchell, P.C.
Attorneys for Plaintiff
EVERSPEED ENTERPRISES LIMITED PTE. LTD.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    (646) 328-0120
Facsimile:    (646) 328-0121
Michael J. Mitchell (MM9005)
MIMOMA@RCN.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EVERSPEED ENTERPRISES LIMITED PTE. LTD.,                     09-CV

                                  Plaintiff,

          -against-
                                                            EX PARTE ORDER FOR
                                                            PROCESS OF MARITIME
SKAARUP FORTUNE SHIPPING LTD.,                               ATTACHMENT
SKAARUP SHIPPING INTERNATIONAL CORP.,

                                  Defendants.

------------------------------------------------------------X

_____, District Judge:

          On February 13, 2009, Plaintiff filed a Verified Complaint seeking damages of U.S.

$49,690,801.00 arising from Defendant's breach of a maritime contract for the charter of the

M/V BUNGA SAGA. That same day, Plaintiff also moved for the Court to issue, *ex parte*,

Process of Maritime Attachment and Garnishment ("Process") under Rule B of the Supplemental

Rules for Certain Admiralty Claims.  The Process would command the U.S. Marshal or other

designated process server to attach any and all of the Defendants' property within this District,

up to the amount of Plaintiff's claim under the contract.  The Court has reviewed the Verified

Complaint and the supporting affidavit of Michael J. Mitchell, and finds that the requirements of

Rule B appear to be satisfied.

Plaintiff also sought to appoint Mr. Mitchell, or any other person appointed by Michael J. Mitchell, P.C., counsel for Plaintiff, to serve Process in this matter. The Court has reviewed Mr. Mitchell's affidavit and found that the appointment would result in substantial economics in time and expense, and signed an Order of Appointment.

Accordingly, it is hereby

ORDERED that Process under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims shall issue against Defendants' assets in this district consisting of cash, funds, freight, and hire credits in the hands of BNP Paribas, Fortis Bank, JP Morgan Chase, Deutsche Bank, HSBC (USA) Bank, Doha Bank, American Express Bank, Citibank, Nordea Bank Finland PLC and/or other New York City banks and financial institutions, in an amount up to and including U.S. $49,690,801.00 It is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to this order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted. It is further

ORDERED that supplemental process enforcing this Order may be issued by the Clerk upon application without further order of the Court. It is further

ORDERED that a copy of this Order be attached to and served with the Process.

Dated: New York, New York
    February, _____ , 2009

SO ORDERED,

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVERSPEED ENTERPRISES LIMITED
PTE. LTD.,

              Plaintiff,

              v.

SKAARUP FORTUNE SHIPPING LTD.,
SKAARUP SHIPPING INTERNATIONAL
CORP.,

              Defendants.

**ADDENDUM TO ORDER
FOR THE PROCESS OF
MARITIME ATTACHMENT**

No. 09 Civ. 1319 (LBS)

SAND, J.

    IT IS FURTHER ORDERED that

1. This Addendum is an integral part of the Order of today's date for the process of
maritime attachment pursuant to Rule B of the Supplemental Rules.  If any provision
of this Addendum conflicts with the body of the Order, the provision of this
Addendum shall be controlling;

2. If no assets are attached within 120 days of this Order, then the Order for Maritime
Attachment shall expire, unless good cause for an extension is shown prior to the
expiration of the 120 day period thereof;

3. In cases where no adversary proceeding or arbitration of the claim(s) has yet been
commenced, Plaintiff is to advise the Court in writing within thirty (30) days of this
Order whether such proceeding or arbitration has been commenced.  If no such
proceeding or arbitration has by then commenced and no good cause has been shown
for the failure to do so, and no written advice to the Court is provided, then the
attachment shall be vacated without further notice to any party;

4. Upon expiration or vacatur of the Order for the process of maritime attachment by reason of paragraphs 2 or 3 of the Addendum, this action will be dismissed without prejudice, without costs, and without further notice to any party;

5. If this Order has been sealed, such sealing shall expire, except for good cause shown, by no later than thirty (30) days from the date hereof, at which time Plaintiff's counsel shall file an unsealed copy of the order with the Clerk of the Court;

6. Following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as of this Order, may be accomplished by email, facsimile transmission, or other verifiable electronic means, provided that the garnishee consents to the manner of such supplemental service; the consent of the garnishee may be manifested in the garnishee's written rules or policies regarding service.  Such supplemental service shall be deemed to be made within the District if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District; and

7. Service on any garnishee as described above is deemed effective and continuous through the close of business of the next business day provided that the garnishee consents to same; the consent of the garnishee may be manifested in the garnishee's written rules or policies regarding service.

8. Plaintiff is to advise the Court in writing every ninety (90) days from the date hereof of the status of these proceedings.

**SO ORDERED.**

Dated: February 17, 2009
New York, NY

CERTIFIED AS A TRUE COPY ON
THIS DATE

BY

( ) Clerk
( ) Deputy

U.S.D.J.

JUDGE SAND

Attorneys for Plaintiff
**EVERSPEED ENTERPRISES LIMITED PTE. LTD.**
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 328-0120
Facsimile:   (646) 328-0121
Michael J. Mitchell (MM9005)
MIMOMA@RCN.COM

USDC SDNY SAND, SI
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/09

09 CV 1319

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EVERSPEED ENTERPRISES LIMITED PTE. LTD.,                    09-CV

                    Plaintiff,

        -against-                                    **ORDER FOR APPOINTMENT
                                                     TO SERVE PROCESS OF
SKAARUP FORTUNE SHIPPING LTD.,                        MARITIME ATTACHMENT
SKAARUP SHIPPING INTERNATIONAL CORP.,                AND GRANISHMENT**

                    Defendants.

-------------------------------------------------------------X

    Plaintiff, having moved for an Order pursuant to Fed. R. Civ. P. Rule 4(c) appointing

Michael J. Mitchell, or any other person appointed by Michael J. Mitchell, P.C., to serve process

of attachment and garnishment in this matter, and it appearing from the affidavit of Michael J.

Mitchell, that such appointment will result in substantial economies in time and expense,

    **NOW,** on motion of Michael J. Mitchell, P.C, attorneys for plaintiff, it is

    **ORDERED** that Michael J. Mitchell, or any other person at least 18 years of age and not

a party to this action, appointed by Michael J. Mitchell, P.C., be and hereby is appointed to serve

process of attachment and garnishment in this matter.

**ORDERED** subsequent supplemental service may, with the consent of the garnishing bank or financial institution, be made by fax or email on the garnishing banks and financial institutions.

Dated: New York, New York
February ___17___, 2009

_____
U.S.D.C.J.

Z:\Staff folders\MJM\Pacific Carriers Ltd\107-0006 MV Bunga Saga\Legal\Rule B Underseal\OrderApptServProcMariAtt&Garn-021109.doc

2

CERTIFIED AS A TRUE COPY ON

THIS DATE _____

BY _____
( ) Clerk
(✓) Deputy