UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVERSPEED ENTERPRISES LIMITED<br>Plaintiff,<br><br>-against-<br><br>SKAARUP SHIPPING INTERNATIONAL CORP.,<br>SKAARUP FORTUNE SHIPPING LTD.,<br>SKAARUP SHIPPING CORP., THOMAS BENE,<br>OLE SKAARUP, and JONATHAN ZHU<br><br>Defendants. | Case No. 09-cv-01878 (SRU)<br><br><br>March 15, 2010 |

## NOTICE OF MOTION TO DISMISS
## AND/OR STAY PROCEEDINGS PENDING ARBITRATION

PLEASE TAKE NOTICE that Defendant, Skaarup Fortune Shipping Ltd. (hereinafter "Defendant"), by its attorneys, Tisdale Law Offices, LLC, upon the accompanying Memorandum of Law, the annexed Declaration of Claurisse Campanale-Orozco dated March 12, 2010 and the pleadings and proceedings previously had herein, will move this Court, before the Honorable Stefan R. Underhill, United States District Court Judge, at the United States Courthouse for the District of Connecticut, 911 Lafayette Boulevard, Suite 411, Bridgeport, Connecticut on March 30, 2010 at 10:00 a.m. for an Order dismissing the claims asserted against Skaarup Fortune Shipping Ltd. in their entirety or, in the alternative, staying the action until the pending Singapore arbitration is completed together with such other, further and different relief as the Court may deem just and proper.

Dated: March 15, 2010
      Southport, CT

                                      Respectfully submitted

By: /s/ Claurisse C. Orozco
Claurisse Campanale Orozco
Federal Bar No.: ct26857
Tisdale Law Offices, LLC
10 Spruce Street
Southport, CT 06890
Telephone: 203-254-8474
Facsimile: 203-254-1641
corozco@tisdale-law.com

/s/
Rahul Wanchoo (*Pro Hac Motion* Pending)
Aglaia Davis
Wanchoo Law Offices, LLP
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:   (646) 355-0244
E-mail: rwanchoo@wanchoolaw.com

*Attorneys for Defendant*
*Skaarup Fortune Shipping Ltd.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVERSPEED ENTERPRISES LIMITED<br>Plaintiff, | Case No. 09-cv-01878 (SRU) |
| -against-<br><br>SKAARUP SHIPPING INTERNATIONAL CORP.,<br>SKAARUP FORTUNE SHIPPING LTD.,<br>SKAARUP SHIPPING CORP., THOMAS BENE,<br>OLE SKAARUP, and JONATHAN ZHU<br><br>Defendants. | March 12, 2010 |

**DEFENDANT SKAARUP FORTUNE SHIPPING LTD.'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STAY
PROCEEDINGS PENDING ARBITRATION**

# TABLE OF CONTENTS

Page

**Preliminary Statement** .................................................................................................... 1

**Statement of Facts / Procedural History**

    **1. Factual Background** ........................................................................................ 1

    **2. Procedural History** .......................................................................................... 2

**Argument**

**I. The Plaintiff's Complaint Should Be Dismissed For Failure to State a Claim** ............... 4

    i. The Disputes Between The Parties Are Subject To Arbitration ................................ 4

    ii. If The Matter Is Not Dismissed It Should Be Stayed ............................................... 7

**II. The Plaintiffs Second and Third Causes of Action Should Be Dismissed Against Skarrup Fortune**

    i. Breach of Guarantee ................................................................................................. 9

    ii. Alter Ego .................................................................................................................. 9

**Conclusion** ............................................................................................................................ 13

# TABLE OF AUTHORITIES

Page

**Rules**

Convention on Recognition and Enforcement of Foreign Arbitration Awards,
9 U.S.C. § 1-208 ................................................................................................*passim*

*1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards,
available at http://www.uncitral.org/uncitral/en/uncitral
texts/arbitration/NYConvention_status.html* .................................................................. 5

**Cases**

*Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co.*,
307 F.3d 24  (2d Cir. 2002) ................................................................................... 6,7

*Alejandro v. L.S. Holding Inc.*, 130 Fed. Appx. 544 (3d Cir. 2005) ............................................ 8

*American Shipping Line, Inc. v. Massan Shipping Industries, Inc.*,
885 F.Supp. 499 (S.D.N.Y. 1995) .................................................................................. 8

*Armstrong-Norwalk Rubber Corp. v. Local Union No. 283, United Rubber,
Cork, Linoleum and Plastic*, 269 F.2d 618 (2d Cir. 1959) ......................................... 7

*Arthur Andersen LLP v. Carlisle*, 129 S. Ct. 1896 (2009) ........................................................ 6

*Atkins v. Apollo Real Estate Advisors, L.P.*, 2008 U.S. Dist. LEXIS 35514
(E.D.N.Y. April 30, 2008) ........................................................................................ 12

*Caribbean Steamship Co. S.A. v. Sonmez Denizcilik Ve Ticaret A.*,
598 F.2d 1264 (2d Cir.1979) ..................................................................................... 4

*Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*,
252 F.3d 707 (4th Cir. 2001) ..................................................................................... 8

*DeJesus v. Sears, Roebuck & Co., Inc.* 87 F.3d 65 (2d Cir. 1996) ............................................ 12

*Doctor's Assoc. Inc. v. Melton*, 2001 U.S. Dist. LEXIS 25436
(D. Conn. Nov. 30, 2001) ......................................................................................... 7

*Ernst & Young Ltd. v. Quinn*, 2009 U.S. Dist. LEXIS 99385
(D. Conn. Oct. 26, 2009) ................................................................................... 4,5,6

*Faulkner v. Beer*, 463 F.3d 130 (2d Cir. 2006) ......................................................................... 1

*HG Estate, LLC v. Corporacion Durango S.A. De de C.V.*,
   271 F.Supp.2d 587 (S.D.N.Y. 2003) ................................................................................ 9

*Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002) ........................................................ 6

*Jannetty Racing Enterprises, Inc. v. Site Dev. Tech., LLC*, 2006 Conn.
   Super LEXIS 366 (Conn. Super. Jan. 31, 2006) ............................................................ 11

*Kirno Hill Corp. v. Holt*, 618 F.2d 982 (2d. Cir. 1980) ........................................................ 11

*Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 239 F.Supp.2d 332 (S.D.N.Y. 2007) ................ 7

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*,
   252 F.3d 218 (2d Cir. 2001) ............................................................................................. 7

*Michaels v. Mariforum Shipping*, 624 F.2d 411 (2d Cir. 1980) ........................................... 8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ......................... 6

*Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F.Supp.2d 140
   (D. Conn. 2005) ................................................................................................................ 7

*Pompilli v. Pro-Line Painting*, 2005 Conn. Super LEXIS 1390
   (Conn. Super. May 13, 2005) ......................................................................................... 11

*Porzig v. Dresdner Kleinwort Benson North America LLC*,
   1999 WL 518833 (S.D.N.Y.) ............................................................................................ 7

*Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*,
   585 F.3d 58 (2d Cir. 2009) ............................................................................................... 2

*Smith, Barney, Harris Upham & Co., Inc. v. Robinson*,
   12 F.3d 515 (5th Cir. 1994) .............................................................................................. 8

*Sparling v. Hoffman Constr. Co.*, 864 F.2d 635 (9th Cir. 1988) ........................................... 8

*Status Internationl S.A. v. M&D Maritime Ltd.*, 994 F. Supp. 182 (S.D.N.Y. 1998) ........... 12

*St. Paul Fire and Marine Ins. Co. v. PepsiCo., Inc.*, 884 F.2d 668
   (2d Cir. 1989) .................................................................................................................. 10

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ............................................................ 4

*Todd's Point Marine v. Rojos*, 1996 U.S. Dist. LEXIS 11811 (S.D.N.Y.) ............................ 6

## Preliminary Statement

The Defendant, Skaarup Fortune Shipping Ltd. ("Skaarup Fortune"), submits this Memorandum of Law in Support of its Motion To Dismiss or Stay the claims asserted by the Plaintiff, Everspeed Enterprises Limited ("the Plaintiff"). For the reasons set forth below, Skaarup Fortune's Motion should be granted and the Plaintiff's Amended Complaint against it dismissed.

## Statement of Facts / Procedural History

### 1. Factual Background

The relationships and identities of the parties named herein are detailed in the Plaintiff's Amended Complaint at ¶¶1-10. The underlying claims between the Plaintiff and the Defendants arise out of a charter party between Plaintiff, as Owner of the M/V BUNGA SAGA 9 ("Vessel") and Skaarup Fortune as the Charterer. (*Amended Complaint at ¶10*).

The charter party,[1] dated March 9, 2008, was for a minimum period of up to 15 December 2010 (about 29 months from her delivery, which was on 21 July 2008) at a charter hire of $56,500 per day. (*Amended Complaint at ¶17*). The charter party was terminated on Feb. 6, 2009 when Skaarup Fortune accepted Plaintiff's repudiation of that contract. Plaintiff alleges that this termination resulted in significant loss and damage to Plaintiff. (*Amended Complaint at ¶18*). Skaarup Fortune denies Plaintiff's allegations that they were entitled to terminate the

---

[1] While the Plaintiff's Amended Complaint extensively cites to the charter party, the Plaintiff fails to attach a copy to this pleading. Under such circumstances, the Court is permitted to consider that document. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)("Consideration of materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion" where, *inter alia*, "a documents is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" and that there exists "no material disputed issues of fact regarding the relevance of the document"). Here, the charter party is indeed integral to the Amended Complaint as it is the basis for Plaintiff's PJR application.

charter party as the Vessel was off-hire for more than 15 consecutive days and/or alternatively Plaintiff was in repudiation of the charter party by reason of the defective state of the Vessel.[2]

In compliance with the charter party, Plaintiff commenced arbitration against Skaarup Fortune in Singapore. The charter party is subject to Singapore arbitration with English law to apply. (*Amended Complaint at ¶20*). (*Id.*). Skaarup Fortune is fully participating in the underlying arbitration, where they will put forth their defense as well as their counter claims against the Plaintiff.

## 2. Procedural History

Plaintiff commenced arbitration against Skaarup Fortune in Singapore, pursuant to the terms of the charter party. (*Amended Complaint, ¶20*).

On July 21, 2009, the Plaintiff commenced a separate action against Skaarup Fortune in the Southern District of New York pursuant to Rule B of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, seeking, *inter alia*, an attachment of Skaarup Fortune's property in the total amount of $49,690,801 related to Skaarup Fortune's alleged breach of the charter party. On February 17, 2009, Honorable Judge Sand issued an order of attachment (*Complaint at ¶21*). On November 24, 2009, Judge Sand ordered the Plaintiff to show cause why the order of attachment should not be vacated in light of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, 585 F.3d 58 (2d Cir. 2009). Plaintiff's attachment in that case was vacated by Judge Sand on February 18, 2010 and the case was closed.

On November 18, 2009, the Plaintiff filed its Complaint in this action along with a request for a Pre-Judgment remedy. Thereafter, on December 14, 2009, SSI, Skaarup Shipping

---

[2] These issues are subject to arbitration between the parties which is now ongoing in Singapore.

2

Corporation ("SSC"), Thomas Bene and Ole Skaarup (collectively "Co-Defendants") filed a Motion to Dismiss the original Complaint[3] which was followed by the Co-Defendants filing a motion seeking sanctions under Fed. R. Civ. P. 11. The motion for sanctions is still pending.

On February 19, 2010, the Plaintiff filed an Amended Complaint amending the relief sough in its application for a Pre-Judgment remedy. Simply stated, the Amended Complaint altered the causes of action on which the PJR application is based. On March 5, 2010, the Co-Defendants filed a Motion to Dismiss the Amended Complaint.

On or about January 4, 2010, the Plaintiff commenced an action against Skaarup Fortune in New York Supreme Court, New York County, seeking an attachment in aid of arbitration. On January 25, 2010, the Hon. Joan B. Lobis denied that application.

On or about February 8, 2010, Skaarup Fortune filed an application with the arbitration panel in Singapore for an anti-suit injunction to restrain the Plaintiff from pursuing the instant proceedings. That motion was not decided by the Panel, as it was confirmed by the Plaintiff's Singapore solicitors that the merits of the underlying claims against Skaarup Fortune were to be determined through arbitration and that this now pending Connecticut action is strictly an ancillary proceeding for security only. This fact is confirmed by Plaintiff in its Amended Complaint wherein it is stated that "[t]his action is ancillary to ongoing arbitration proceedings in Singapore and Court proceedings to be brought in Singapore. It is commenced by Plaintiff for the purpose of obtaining pre-judgment security for its claims against Skaarup Fortune pending in the Singapore arbitration." (*Amended Complaint at ¶13*).

---

[3] That Motion to Dismiss the original Complaint filed by the Co-Defendants is now moot.

3

## ARGUMENT

### I. This Matter Should Be Dismissed Pursuant to the Arbitration Agreement.

*i. The Disputes Between the Parties are Subject to Arbitration*

Here Plaintiff and Skaarup Fortune agreed to a standard arbitration provision found in the New York Produce Exchange-approved Time Charter Form on which the Charter Party is based. (*See Davis Affidavit, Exh. 7, attached as Ex. A to Plaintiff's Complaint*).

The Charter Party's[4] arbitration clause states:

> That should any dispute arise between Owners and Charterers, the matter in dispute shall be referred to three persons at Singapore one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them shall be final and for purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men and members of L.M.A.A. This Charter Party is governed by English Law.

(*See Exh. 1 to the Orozco Dec. at ll. 107-109*).

The Second Circuit has construed this very language, holding: "It is difficult to imagine broader general language than that contained in the charter party's arbitration clause, 'any dispute…between Owners and Charterers.'" *Caribbean Steamship Co. S.A. v. Sonmez Denizcilik Ve Ticaret A.*, 598 F.2d 1264, 1266 (2d Cir.1979).

As evidenced by the fact that it has already commenced arbitration in Singapore, Plaintiff does not dispute its obligation to arbitrate its claims against Skaarup Fortune. Nevertheless, plaintiff has "improperly circumvented the arbitration process" by filing an action against Skaarup Fortune in this Court. *Ernst & Young, Ltd. v. Quinn.*, 2009 U.S. Dist. LEXIS 99385, at

---

[4] Because the Charter Party is integral to the Amended Complaint, and contains an arbitration provision admittedly applicable to the claims between Plaintiff and Skaarup Fortune, the arbitration clause can be considered by this Court on this Motion to Dismiss. *See, Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (in order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned).

4

* 11 (D. Conn. Oct. 26, 2009). Plaintiff's claims against Skaarup Fortune are not properly before this Court. They must be dismissed because they can only be pursued through arbitration in Singapore.

Section 202 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), codified at 9 U.S.C. §§201 - 208 identifies arbitration agreements that are governed by the Convention. It states in part:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9. U.S.C. §202.

In order for an arbitration agreement to fall within this section of the Convention, the agreement "(1) must be in writing; (2) must provide for arbitration in the territory of a signatory of the Convention; (3) must concern commercial subject matter; and (4) must not be exclusively between citizens of the United States." *Ernst & Young, Ltd.*, 2009 U.S. Dist. LEXIS 99385, at * 10. It cannot be disputed that all four criteria are satisfied in this matter.

First, the Plaintiff does not contest the existence of the charter party and admits in its Amended Complaint that it filed this action despite that it has also "commenced arbitration against Skaarup Fortune in Singapore in accordance with the terms of that contract." (*Amended Complaint at ¶20*). Second, Singapore is a signatory to the Convention. *See 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, available at http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html*. Third,

5

the arbitration agreement arises out of a commercial contract for the charter of a commercial vessel. Charter parties are subject to the Convention. *Todd's Point Marine v. Rojos*, 1996 U.S. Dist. LEXIS 11811 (S.D.N.Y. Aug. 16, 1996). Fourth, the Charter Party is not between citizens of the United States: The Plaintiff is a British Virgin Islands corporation with its principal place of business in Singapore. (*Amended Complaint at ¶1*).

Thus, the arbitration agreement between the Plaintiff and Skaarup Fortune is governed by the Convention. Section 208 of the Convention provides that the general provisions of the FAA, 9 U.S.C. §§1-16 apply to proceedings under the Convention to the extent their provisions do not conflict.

When an arbitration agreement is governed by the Convention, a court must determine whether the dispute at issue comes within the scope of the arbitration agreement. *Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co.*, 307 F.3d 24, 28 (2d Cir. 2002); *Ernst & Young, Ltd.*, 2009 U.S. Dist. LEXIS 99385 at * 10. In making this determination, courts give great deference to "the strong federal policy in favor of arbitration agreements that is especially at play in international disputes." *Ernst & Young, Ltd.* 2009 U.S. Dist. LEXIS 99385, at * 13. Courts must also be "mindful that the goal of the Convention is to promote the enforcement of arbitral agreements in contracts involving international commerce so as to facilitate international business transactions." *Id.* Thus, the goal of the Convention is in accord with the general federal policy favoring arbitration. *See, Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) ("questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration"); *Arthur Andersen LLP v. Carlisle,* 129 S. Ct. 1896, 1902 (2009), *Howsam v. Dean Witter Reynolds,* 537 U.S. 79, 83 (2002).

6

Where, as here, the arbitration clause is broad, there is "a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties rights and obligations under it." *Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co.*, 307 F.3d 34 (internal citation omitted); *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224-225 (2d Cir. 2001) ("When parties use expansive language in drafting an arbitration clause, presumably they intend all issues that 'touch matters' within the main agreement to be arbitrated.").

Further, when there is doubt about the scope of what is arbitrable, such doubt "should be resolved in favor of arbitration…. Arbitration should be ordered unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Doctor's Associates, Inc. v. Melton*, 2001 U.S. Dist. LEXIS 25436, at *3 (D. Conn. Nov. 30, 2001) (internal citation and quotation omitted); *see Ace Capital*, 307 F.3d at 29; *Lewis Tree Serv., Inc.*, 239 F.Supp.2d at 336 (noting strong federal policy in favor of arbitration which requires courts to "construe arbitration clauses as broadly as possible . . . and [resolve] any doubts concerning the scope of arbitrable issues . . . in favor of arbitration") (citations omitted).

### ii. *In the Alternative, If the Motion To Dismiss is Denied, this Matter Should Be Stayed Pending the Outcome of the Arbitration.*

Where a motion to dismiss is denied, a motion to stay pending arbitration may be granted. *See, e.g., Porzig v. Dresdner Kleinwort Benson North America LLC*, 1999 WL 518833, (S.D.N.Y.); *Armstrong-Norwalk Rubber Corp. v. Local Uniion No. 283, United Rubber, Cork, Linoleum and Plastic*, 269 F.2d 618, 619 (2d Cir. 1959)(denying appeal of grant of motion to stay after denial of motion to dismiss); *Patrowicz v. Transamerica HomeFirst, Inc.*,359 F.Supp.2d 140, 160-61 (D. Conn. 2005)(granting in part the defendant's motion to dismiss and staying the action pending arbitration of remaining claims).

Indeed, courts have dismissed complaints without prejudice pending arbitration. *See, e.g., Alejandro v. L.S. Holding Inc.,* 130 Fed. Appx. 544 (3d Cir. 2005); *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988)(court have discretion to dismiss action under Rule 12(b)(6) where all of the claims before it are arbitrable); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709-10 (4th Cir. 2001)("Notwithstanding the terms of §3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable").

9 U.S.C. §3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Pursuant to the FAA, a district court cannot interfere with an arbitration proceeding if a valid arbitration agreement exists and the specific dispute falls within the substance and scope thereof. *Smith, Barney, Harris Upham & Co., Inc. v. Robinson,* 12 F.3d 515, 520 (5th Cir. 1994). In such instance, the court can only affect the proceedings by vacating, modifying, or correcting an award after it is rendered. *Michaels v. Mariforum Shipping,* 624 F.2d 411, 414 (2d Cir. 1980). In order to encourage arbitration the FAA allows parties to an arbitration to obtain a stay of federal proceedings on the claims pending the conclusion of the arbitration. *American Shipping Line, Inc. v. Massan Shipping Industries, Inc.,* 885 F.Supp. 499, 501 (S.D.N.Y. 1995).

While there is no basis for the Court to maintain this action, if Plaintiff's Amended Complaint is not dismissed, it should be stayed pending the outcome of the ongoing arbitration. The FAA §3 mandates a stay of litigation if "the issue involved is referable to arbitration."

Enforcing arbitration and staying litigation pending arbitration is a more efficient way of resolving all disputes between the parties. *See, HG Estate, LLC v. Corporacion Durango S.A. De de C.V.*, 271 F.Supp.2d 587, 596 (S.D.N.Y. 2003).

## II. The Plaintiff's Second and Third Causes of Action in its Amended Complaint Should Be Dismissed For Failure to State a Claim Against Skaarup Fortune.

### i. *Breach of Guarantee*

The allegations related to the Breach of Charter Party Guarantee (*Amended Complaint at ¶¶24-29*) do not implicate Skaarup Fortune or show that Skaarup Fortune was a party to any alleged guarantee. As such, this cause of action is not pursuable against them.

### ii. *Alter Ego*

Plaintiff's Amended Complaint includes as its Third Cause of Action a claim for alter ego liability seeking a declaration that the Defendants are alter-egos of each other. Plaintiff, however, in its Opposition to the Motion for Sanctions, *Dkt. No. 62 (the "Opposition")*, has conceded that "alter ego is not a cause of action under Connecticut law." *See Opposition at 19* (citing *Intermed Inc. v. Alphamedica, Inc.*, 2009 U.S. Dist. LEXIS 118923 at *24, n. 4 (D. Conn. Dec. 18, 2009)). Plaintiff's Third Cause of Action should be dismissed on this admission alone.

Moreover, this claim is not properly directed toward Skaarup Fortune. Plaintiff states: "This action is ancillary to ongoing arbitration proceedings in Singapore and Court proceedings to be brought in Singapore. It is commenced by Plaintiff for the purpose of obtaining pre-judgment security for its claims against Skaarup Fortune pending in the Singapore arbitration … *and for its alter-ego claims against those Defendants not party to either Singapore proceeding.*" (*Amended Complaint, at ¶13*). Skaarup Fortune is a party in the Singapore arbitration and signatory to the charter party. As such, Skaarup Fortune cannot be an alter ego of itself, as

9

Plaintiff admits in the above cited allegation of the Amended Complaint. This cause of action must be dismissed against Skaarup Fortune.

Assuming *arguendo*, the Court finds otherwise, the Plaintiff has failed to meet its burden on alter ego. The basic principles of an alter ego claim are as follows: (1) domination and control over the corporation by those to be held liable is so complete that the corporation has no separate mind, will, or existence of its own; (2) that domination and control was used to commit fraud or wrong or other dishonest or unjust act; and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *St. Paul Fire and Marine Ins. Co. v. PepsiCo., Inc.*, 884 F.2d 668, 701 (2d Cir. 1989).

Here, the Plaintiff alleges that all the Defendants are affiliated with the "Skaarup Group" (*Amended Complaint, ¶44, 49*); the Defendants promote their services through a single website (*Amended Complaint at ¶52*); that Skaarup Shipping "exercises complete domination and control over each of the Defendants and/or disregards the Defendants' corporate forms and/or conducts the business and operations of the Defendants as if the same were Skaarup Shipping's own . . . ." (*Amended Complaint at ¶54*); that there was a unity of interest, ownership and control between the Defendants (*Amended Complaint at ¶ 55*); and that as "a direct and proximate result, Plaintiff Everspeed has been damaged in an amount to be determined . . . ." (*Amended Complaint at ¶59*).

This cause of action fails to state a claim for two reasons: First, it fails to allege that the "dominion and control" was used to commit any alleged breach of the charter party the only claim against Skaarup Fortune, any other wrong. Indeed, at <u>worst</u>, the Plaintiff's Complaint alleges that the dominion and control "<u>would</u> permit an abuse of the corporate privilege and <u>would</u> sanction fraud and <u>promote</u> injustice" (*Complaint* at ¶54). These speculative, non-specific

claims do not on their face allege an "alter ego" claim. Plaintiff's Amended Complaint recites allegations in an effort to seek an alter ego determination which simply does not exist.

The case of *Jannetty Racing Enterprises, Inc. v. Site Dev. Tech., LLC*, 2006 Conn. Super. LEXIS 366, (Conn. Super. Jan. 31, 2006) illustrates this point. In *Jannetty*, the Court dismissed the alter ego claim where the plaintiff alleged that one company "completely dominates the finances, policy, and business practice" of the other company; the other company had no separate mind, will or existence; the one company used its control over the other company to commit fraud; the one company's control caused the plaintiff unjust loss; and such a unity of interest and ownership existed between the companies such that the interests of the other company were nonexistent. "Aside from the names of the defendants," wrote the court, "the plaintiff's allegations constitute nothing more than a recital of the elements of the instrumentality and identity rules. . . . Courts have repeatedly granted motions to strike piercings the corporate veil counts where legal conclusions rather than facts are alleged." *See also, Pompilli v. Pro-Line Painting*, 2005 Conn. Super. LEXIS 1390, at * 11 (Conn. Super. May 13, 2005) ("A review of the allegations indicates that they allege legal conclusions rather than facts sufficient to support the piercing of the corporate veil . . . .").

In addition, under federal maritime law, Plaintiff fails to state an alter ego claim. The test for piercing the corporate veil under Connecticut law are similar with the alter ego test adopted under federal maritime law. *See Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d. Cir. 1980). Federal maritime law allows for piercing of the corporate veil either when a defendant has used his corporation to perpetrate a fraud or has "so dominated and disregarded" the corporate form that his corporation transacted his "personal business rather than its own corporate business." *See id.*

Plaintiff's allegations of alter ego fail under the federal maritime test for the same reasons they fail under Connecticut law. The conclusive allegations and legal conclusions relating to control set forth in Plaintiff's Complaint are insufficient to substantiate alter ego claims under federal maritime law. *DeJesus v. Sears, Roebuck & Co., Inc.* 87 F.3d 65, 70 (2d Cir. 1996) ("[c]onclusory allegations [and] legal conclusions masquerading as factual conclusions[,] will not suffice to prevent a motion to dismiss"). Generally allegations of a corporate relationship alone is not sufficient to bind a parent corporation for the actions of its subsidiary. *DeJesus*, 87 F.3d at 69-70. "Indeed, ownership by a parent of all its subsidiary's stock has been held an insufficient reason in and of itself to disregard distinct corporate entities." *Id.* (internal quotation omitted). Instead, the Plaintiff must show actual domination, rather than mere opportunity to exercise control. *Id. See also Atkins v. Apollo Real Estate Advisors, L.P. et al.*, 2008 U.S. Dist. LEXIS 35514, at * 47 (E.D.N.Y. Apr. 30, 2008) (allegations of alter ego held insufficient where plaintiffs failed to support allegations with specific facts concerning wrongdoing, and did not show that any alleged alter ego actually dominated one of the defendants); *Status Internationl S.A. v. M&D Maritime Ltd.*, 994 F. Supp. 182, 186 (S.D.N.Y. 1998) (allegation that entity was "wholly owned" by alleged alter ego was insufficient to overcome the presumption of corporate separateness where complaint was devoid of any other supporting facts).

Here, Plaintiff has not alleged any facts to support its conclusory allegations that Skaarup Fortune "exercises complete domination and control over each of the defendants and/or disregards the defendants corporate forms and/or conducts the business and operations of the defendants as if the same were SSC's own." (*Amended Complaint at ¶ 54*). Instead, Plaintiff merely alleges that defendants "hold themselves out as the 'Skaarup Group,'" (*Amended Complaint at ¶ 44*) and that the Defendants "share officers, directors, and personnel ..."

(*Amended Complaint* at ¶ *50*). These allegations fall far short of the requirements for pleading actual domination under either Connecticut or federal maritime law. As a result, regardless of which law is applied by the Court, Plaintiff has failed to state an alter ego theory.

In any event, because the breach of contract claim is not properly before this Court and the alter ego claim cannot stand alone, it must be dismissed as well.

## CONCLUSION

For all of the foregoing reasons, the claims asserted against Skaarup Fortune Shipping Ltd. should be dismissed in their entirety, or, in the alternative, stayed until the pending Singapore arbitration is completed.

Dated: March 12, 2010
Southport, CT

Respectfully submitted,
*Attorneys for Defendant*
*Skaarup Fortune Shipping Ltd.*

By /s/ Claurisse C. Orozco
Claurisse Campanale Orozco
Federal Bar No.: ct26857
Tisdale Law Offices, LLC
10 Spruce Street
Southport, CT 06890
Telephone: 203-254-8474
Facsimile: 203-254-1641
corozco@tisdale-law.com

/s/
Rahul Wanchoo (*admitted Pro Hac Vice*)
Wanchoo Law Offices, LLP
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax: (646) 355-0244
E-mail: rwanchoo@wanchoolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2010, a copy of the foregoing DEFENDANT SKAARUP FORTUNE SHIPPING LTD.'S MOTION TO DISMISS AND/OR STAY PROCEEDINGS PENDING ARBITRATION and MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STAY PROCEEDINGS PENDING ARBITRATION were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

/s/
Claurisse Campanale-Orozco