John E. Meerbergen (CT 5901)
FERGUSON COHEN LLP
66 Field Point Road, Third Floor
Greenwich, Connecticut 06830
Tel: 203.661.5222
Fax: 203.661.1197

Robert S. Friedman (CT 19055)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, Suite 2400
New York, New York 10112
Tel: 212.653.8700
Fax: 212.653.8701

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

------------------------------------------------------------------X
:
EVERSPEED ENTERPRISES LIMITED,                :
                                              :   Case No. 09-cv-01878 (SRU)
                    Plaintiff,                :
                                              :
         -against-                            :
                                              :
SKAARUP SHIPPING INTERNATIONAL CORP.,         :
SKAARUP SHIPPING INTERNATIONAL CORP.,         :
SKAARUP FORTUNE SHIPPING LTD.,                :
SKAARUP SHIPPING CORP., THOMAS BENE,          :
OLE SKAARUP and JONATHAN ZHU,                 :   March 12, 2010
                                              :
                    Defendants.               :
                                              :
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS
PURSUANT TO RULE 11 AND 28 U.S.C. § 1927**

Defendants[1] hereby submit this Memorandum of Law and the accompanying Declaration of Robert S. Friedman dated March 12, 2010 ("Friedman Decl.") in further support of their motion for sanctions against Plaintiff and counsel to Plaintiff, Michael J. Mitchell and Patrick F. Lennon, pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

## I.  PRELIMINARY STATEMENT

Defendants provided Plaintiff with undeniable evidence that its claims lacked a factual and legal basis and, despite that evidence, Plaintiff failed to timely withdraw its baseless claims. Indeed, Plaintiff repeatedly delayed amending the complaint by attempting to exact concessions from Defendants in return for withdrawing its meritless claims, including conditioning the withdrawal of claims on a voluntary attachment of Defendants' funds.  In the end, Plaintiff waited over two months to file an amended complaint withdrawing the baseless claims.  During this time, Plaintiff inexplicably maintained its meritless claims thereby forcing Defendants to incur significant expense related to briefing a motion to dismiss and preparing the instant motion for sanctions.  The delay and unnecessary costs caused by Plaintiff and its counsel are grounds for imposing sanctions under Rule 11 and 28 U.S.C. § 1927.

In addition, the amended complaint filed by Plaintiff did not correct the sanctionable conduct addressed in the motion for sanctions and, in fact, it has raised additional grounds for sanctions.  The amended complaint continues to assert  baseless claims for breach of an alleged guarantee and alter ego liability against the Defendants.  The amended complaint has also added a claim for breach of the Charter Party Contract against the Defendants which is completely lacking

---

[1] References to "Defendants," indicate collectively Skaarup Shipping International Corp. ("SSI"), Skaarup Shipping Corp. ("SSC"), Thomas Bene and Ole Skaarup.  Defendants Skaarup Fortune Shipping Ltd. and Jonathan Zhu are separately represented.  Additional undefined capitalized terms herein are defined in Defendants' Memorandum of Law in Support of Motion for Sanctions, Dkt No. 27 ("Defs.' Mem").

in a factual or legal basis since none of the Defendants are parties to the Charter Party Contract. Further, in the amended complaint, Plaintiff has conceded that it brought this action for the improper purpose of seeking prejudgment security on actions which are currently pending in Singapore. Both the original and amended complaint were brought in bad faith and for improper purposes. As such, both Plaintiff and its attorneys should be sanctioned.

## II.  SUPPLEMENT TO PROCEDURAL BACKGROUND

A.    THE AMENDED COMPLAINT

On February 19, 2010, Plaintiff filed the Amended Complaint, which sets forth three causes of action directed against all of the named defendants: breach of the Charter Party Contract (First Count), breach of Charter Party guarantee (Second Count), and alter ego liability (Third Count). Plaintiff admits that it commenced this action "for the purpose of obtaining pre-judgment security for its claims against Skaarup Fortune pending in the Singapore arbitration and for its claims against Skaarup Shipping International in Singapore court proceedings, and for its alter-ego claims against those Defendants not party to either Singapore proceedings." Amended Compl. at ¶ 13. Plaintiff also acknowledges that its claims for breach of the Charter Party Contract and breach of guarantee are subject to forum selection clauses that require arbitration or litigation in Singapore. *See* Amended Compl. at ¶¶ 13, 20, 26; Plaintiff's Opposition to Motion for Sanctions, Dkt. No. 62 ("Opp.") at 17.

B.    FURTHER COMMUNICATIONS WITH PLAINTIFF'S COUNSEL

As set forth in Defendants' opening brief, on December 8, 2009, Defendants advised Plaintiff of the defects in the original Complaint and provided Plaintiff with conclusive evidence of the existence of SSI. *See* Defs.' Mem. at 3. Nonetheless, despite multiple communications between counsel for Defendants and counsel for Plaintiff regarding the baseless claims asserted in the Complaint, Plaintiff refused to withdraw these claims prior to the filing of the motion for sanctions.

On January 4, 2010, Defendants served Plaintiff with a motion for sanctions pursuant to Fed. R. Civ. P. 11(c)(2).  On January 13, 2010, nine days after the motion for sanctions was served, counsel for Plaintiff sent an email to counsel for Defendants containing a proposal offering to amend its complaint on condition that Defendants refrain from filing the motion for sanctions, among other conditions.  *See* Friedman Decl. at ¶ 6, Ex. A.  However, a week later, on January 19, 2010, Plaintiff's counsel inexplicably changed course, stating the following in an email to counsel for Defendants:  "Based on what the defendants collectively have produced to date, and the statements by counsel as to what their respective client's [sic] evidence might show, at this stage we see no reason to amend."  *See* Friedman Decl. at ¶ 7, Ex. B.  During a subsequent conversation, Plaintiff's counsel changed their minds yet again and stated that Plaintiff would agree to amend the complaint if Defendants agreed both to withdraw their motion for sanctions and to voluntarily allow the attachment of $894,500 in funds that were the subject of the Rule B proceeding pending in the United States District Court for the Southern District of New York.  *See* Friedman Decl. at ¶ 8.

On January 26, 2010, Defendants filed the instant motion for sanctions with the Court.  On January 28, 2010, just two days after the motion for sanctions was filed, Plaintiff's counsel contacted counsel for Defendants, indicating that Plaintiff was in fact still entertaining the idea of filing an amended complaint.  *See* Friedman Decl. at ¶ 9, Ex. C.  Plaintiff's counsel also requesting a two week standstill agreement extending the times for the parties to submit briefs related to the pending motion to dismiss and motion for sanctions.  *See id*.

On February 8, 2010, Defendants' counsel repeated his request for a proposed amended complaint that removed the baseless fraud claims against Defendants.  *See* Friedman Decl. at ¶ 10, Ex. D.  Plaintiff's counsel again conditioned any amendments on Defendants' agreement to withdraw both the motions to dismiss and for sanctions.  *See id.*  Plaintiff's counsel did not provide Defendants a copy of Plaintiff's proposed amended complaint until February 11, 2010, the day

-3-

before Defendants' deadline to file a reply in support of Defendants' Motion to Dismiss. *See* Friedman Decl. at ¶ 11, Ex. E. Even then, however, Plaintiff's counsel noted that the proposed amended complaint was subject to "further tweaking," and again attempted to elicit concessions from Defendants' counsel regarding the pending motions. *Id.* As a result, Plaintiff was forced to file its reply brief in further support of its motion to dismiss.

Plaintiff did not file the Amended Complaint with the Court until February 19, 2010. By that time, Plaintiff's delays had caused Defendants to incur significant expense in connection with the briefing on the motion to dismiss the original complaint and the motion for sanctions.

## C.     RELATED PROCEEDINGS

To date, Plaintiff has initiated four separate proceedings, including the instant action. As set forth in Defendants' opening brief, Plaintiff has initiated the Arbitration Proceeding in Singapore against Skaarup Fortune for wrongful termination of the Charter Party Contract. Defs.' Mem. at 6. Plaintiff also initiated a Rule B action against Skaarup Fortune, obtaining a writ of attachment that was vacated on February 18, 2010.[2] *See* Amended Compl. at ¶ 21. In addition, Plaintiff also initiated an action in New York State Supreme Court on December 31, 2009, to attach $894,500 of funds belonging to Skaarup Fortune. *See* Index No. 118323/2009 (N.Y. County) (J. Lobis). By order dated January 25, 2010, the New York State Supreme Court denied Plaintiff's petition. *See* Friedman Decl. at ¶ 10, Ex. F.

As set forth in the Amended Complaint, Plaintiff also intends to initiate a fifth proceeding against SSI in Singapore for breach of the alleged guarantee. Amended Compl. at ¶ 26. In addition, Plaintiff's counsel indicated during a recent telephone conference with the Court that an action

---

[2] SSI, SSC, Skaarup Shipbrokers, Inc. and Skaarup Management (Hong Kong) Co. Ltd. were also named as defendants, but were dismissed from the action on April 9, 2009. *See* Case No. 09-cv-1319 (J. Sand) at Dkt. No. 7.

against SSI for breach of the guarantee has already been initiated in Singapore.  *See* Friedman Decl. at ¶ 13, Ex. G at 11:18-23.  To date, however, SSI has not been served with papers relating to a proceeding in Singapore.

### III.  ARGUMENT

**A.     PLAINTIFF AND ITS COUNSEL VIOLATED RULE 11**

**1.     By Failing To Timely Withdraw Its Mertiless Claims, Plaintiff Caused Delay And Unnecessary Expense**

Under Rule 11, a party or its attorney may be sanctioned for filing a pleading that contains factual allegations that lack evidentiary support or a pleading that is presented for an improper purpose, such as to cause unnecessary delay or needless increase of the cost of litigation.  See Fed. R. Civ. P. 11(b)(1) and (b)(3).  Further, "a litigant's obligations with respect to the contents of [its] papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11.  advisory committee's note (1993).  In other words, once a party learns that the allegations and claims contained in its pleadings lack merit, the party cannot continue to rely upon those allegations and claims for the purpose of causing delay or increased costs.  *See id.*

Here, Plaintiff brought claims against the Defendants for fraud, negligent misrepresentation and violation of CUTPA that were based upon the factual allegation that SSI did not exist.  On December 8, 2009, Plaintiff's counsel was presented with undeniable evidence that SSI does in fact exist, thereby establishing that Plaintiff lacked a factual or legal basis for its fraud, negligent misrepresentation and CUTPA claims.  *See* Defs.' Mem at 3.  Nonetheless, despite repeated requests by Defendants for Plaintiff to do so, Plaintiff failed to withdraw its baseless claims until February 19, 2010, when it finally filed the Amended Complaint.

From December 8, 2009 and February 19, 2010, Plaintiff repeatedly delayed withdrawing its baseless claim in an attempt to place improper conditions on any withdrawal.  For example, Plaintiff conditioned its amendment of the complaint on Defendants' agreement to voluntarily allow the attachment of their funds, to extend filing deadlines and to withdraw the motion for sanctions, among other conditions.  Because Plaintiff failed to timely withdraw these claims, Defendants were forced to address them by fully briefing the motion to dismiss the original Complaint and filing the instant motion for sanctions.  Defendants incurred significant costs and expenses in connection with these motions.  As a result, sanctions against Plaintiff and its counsel are appropriate under Rule 11.

### 2. The Amended Complaint Was Brought For An Improper Purpose

Plaintiff admits that it commenced this action "for the purpose of obtaining pre-judgment security for its claims against Skaarup Fortune pending in the Singapore arbitration and for its claims against Skaarup Shipping International in Singapore court proceedings, and for its alter-ego claims against those Defendants not party to either Singapore proceedings."  Amended Compl. at ¶ 13.  In support of its efforts to obtain security, Plaintiff filed an application for prejudgment remedy under Connecticut General Statutes § 52-278d.  *See* Dkt. No. 4.  However, an application for prejudgment remedy is not a stand-alone pleading and, as such, it cannot exist without an underlying cause of action.  *See Bernhard-Thomas Building Sys. LLC v. Dunican*, 100 Conn. App. 63, 75 (2007).  Further, Plaintiff cannot base an application for prejudgment remedy on a future judgment in an action that Plaintiff has filed or proposes to file in another jurisdiction.  *Cahaly v. Benistar Property Exchange Trust Co.*, 268 Conn. 264, 274-75 (2004).

As explained in detail below and in Defendants' Memorandum of Law in Support of the Motion to Dismiss the Amended Complaint ("Defs.' MTD"), Plaintiff's amended complaint fails to state a claim against Defendants.  Moreover, Plaintiff concedes that it brought this action for the improper purpose of obtaining a prejudgment remedy on the basis of foreign judgments that it has

-6-

not yet obtained.  In particular, Plaintiff is relying upon a judgment which has yet to be obtained in the arbitration proceeding pending in Singapore in connection with its claim for breach of the Charter Party Contract and a judgment in a proceeding which it had yet to file in Singapore in connection with its claim for breach of the alleged guaranty.[3]  Plaintiff is improperly seeking a prejudgment remedy to which it is not legally entitled.  Accordingly, Plaintiff and its counsel should be sanctioned under Rule 11.

### 3. The Claims In The Amended Complaint Are Meritless

"Rule 11 is violated when it is clear under existing precedents that a pleading has no chance of success and there is no reasonable argument to extend, modify, or reverse the law as it stands." *Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001).  As explained in detail in the Motion to Dismiss the Amended Complaint, Plaintiff has failed to state a claim against Defendants for breach of the Charter Party Contract because none of Defendants are a party to the charter party contract.  *See* Defs.' MTD at 7-9.  Accordingly, the Defendants cannot be liable for a breach of the Charter Party Contract.  *Id.*  Plaintiff also fails to state a claim for breach of guarantee against the Defendants since the alleged guarantee is merely an unsigned draft and Plaintiff has not alleged that any of the Defendants accepted the terms of a guarantee, thereby evidencing a meeting of the minds.  *Id.* at 9-14.  Indeed, Plaintiff has failed to allege any communication whatsoever between Plaintiff and SSI.  *Id.* As a result, Plaintiff has failed to state a claim for breach of guarantee against SSI, or any of the other Defendants for that matter.  *Id.*  In addition, Plaintiff has conceded that its claims for breach of the Charter Party Contract and breach of the guarantee are subject to forum selection clauses which require adjudication in Singapore, *see* Amended Compl. at ¶ 18, 20, 26; Opp. at 17, and are

---

[3]  As Plaintiff concedes, an alter ego claim is not by itself an independent cause of action, *see* Opp. at 19, and cannot, by itself, be the underlying basis for maintaining an application for prejudgment remedy.  *See Intermed, Inc. v. Alphamedica, Inc.*, 2009 U.S. Dist. LEXIS 118923 at *24, FN 4 (D. Conn. December 18, 2009)

therefore not properly before this Court.  See Defs.' MTD at 8-9, 14-15.  Finally, Plaintiff has conceded that its third claim for alter ego liability is "not a cause of action under Connecticut law." See Opp. at 19.  Thus, Plaintiff's third cause of action cannot survive as a stand-alone claim.

Despite having a second opportunity to set forth its case, Plaintiff has yet again asserted claims against the Defendants that lack both a factual or legal basis.  Accordingly, Plaintiff and its counsel should be sanctioned pursuant to Rule 11.

### 4. Plaintiff Has Engaged In Improper Conduct By Taking Contradictory Positions In This Action And The Arbitration Proceeding In Singapore

Additionally, Plaintiff has assumed contradictory positions in the instant action and the arbitration proceeding pending in Singapore.  As noted in Plaintiff's Opposition, Skaarup Fortune is seeking an anti-suit injunction in the Singapore arbitration proceedings to preclude Plaintiff from litigating claims in the instant action that fall within the scope of the forum selection clause contained in the Charter Party Contract.  See Opp. at 13 n. 8.  In its February 19, 2010 response to Skaarup Fortune's anti-suit injunction request, Plaintiff argued that the instant action in no way overlaps the proceedings in Singapore because the complaint in the instant action does not include a claim for breach of the Charter Party Contract.  See Friedman Decl. at ¶ 14, Ex. H.  Plaintiff's argument is directly contradicted by the claim for breach of the Charter Party Contract asserted by Plaintiff in the Amended Complaint.  Plaintiff is attempting to have it both ways by taking contradictory positions for its own benefit in an effort to impact the results in the different proceedings.  Plaintiff's conduct is further evidence that this action has been initiated for an improper purpose and that Plaintiff and its counsel should be sanctioned under Rule 11.

### B. PLAINTIFF'S COUNSEL VIOLATED 28 U.S.C. § 1927

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "28 U.S.C. § 1927 authorizes sanctions 'when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose,' and upon 'a finding of conduct constituting or akin to bad faith.'" *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (finding attorney acted in bad faith by "persist[ing] in asserting specious claims despite ample opportunity to withdraw them" and affirming imposition of sanctions pursuant to § 1927) (internal quotations omitted). "Bad faith may be inferred where the action is completely without merit." *In re 60 East 80th Street Equities*, 218 F.3d 109, 115-116 (2d Cir. 2000) (affirming imposition of sanctions where attorney brought claim that was "completely without merit").

As set forth above, Plaintiff filed an original complaint that contained false allegations and meritless claims. In the face of uncontested evidence that the allegations were false and the claims were meritless, Plaintiff's counsel caused serious delays in this action by refusing to timely withdraw its allegations and claims. As a result of the bad faith of Plaintiff's counsel, the Defendants incurred significant cost and expense in defending the baseless claims. Under 28 U.S.C. § 1927, Plaintiff's counsel should be required to pay the unnecessary cost and expense incurred by Defendants as a result of their unreasonable conduct.

C.  **PLAINTIFF HAS NOT PROPERLY MOVED FOR SANCTIONS AND HAS NOT SET FORTH A BASIS FOR IMPOSING SANCTIONS AGAINST DEFENDANTS**

In its Opposition, Plaintiff requests that the Court sanction Defendants' counsel. *See* Opp. at 25-27. However, Plaintiff has not properly moved for sanctions pursuant to Rule 11. Fed. R. Civ. P. 11. Under the safe-harbor provision of Rule 11, a party must first serve a motion for sanctions on the party against which it is seeking sanctions and then wait 21 days before filing a motion for sanctions. Fed. R. Civ. P. 11(c)(2). Plaintiff has not served Defendants' counsel with a

motion for sanctions, nor has it properly filed a motion for sanctions with the Court. Therefore, a motion for sanctions against Defendants counsel is not properly pending before the Court.

Furthermore, Plaintiff has not set forth any basis for imposing sanctions against Defendants' counsel. Plaintiff states in its Opposition that Defendants' motion for sanctions should have been withdrawn upon the filing of the Amended Complaint. Opp. at 27. To the contrary, as set forth in detail above, Defendants have established that Plaintiff and its counsel engaged in sanctionable contact by refusing to timely withdraw its baseless claims, thereby causing Defendants to incur significant cost and expense defending such claims and filing this motion. Further, Defendants have also demonstrated that the claims set forth in the original and amended complaints lack merit and were brought for improper purposes. As a result, no grounds exist for imposing sanctions against Defendants' counsel.

## IV.  CONCLUSION

For all the reasons set forth above, Defendants respectfully request that the Court grant Defendants' motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 and impose monetary sanctions against Plaintiff and its counsel.

Dated:  March 12, 2010                                   Respectfully submitted,


/s/ Robert S, Friedman
Robert S. Friedman (CT 19055)
Mark E. McGrath (Admitted *Pro Hac*)
Lisa M. Lewis (PHV 03771)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Tel:  (212) 653-8700
Fax:  (212) 653-8701


*and*

>John E. Meerbergen (CT 5901)
>FERGUSON COHEN LLP
>66 Field Point Road, Third Floor
>Greenwich, Connecticut  06830
>Tel:  (203) 661-5222
>Fax:  (203) 661-1197
>*Attorneys for Defendants*
>*Skaarup Shipping International Corp., Skaarup Shipping Corp., Thomas Bene, and Ole Skaarup*

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVERSPEED ENTERPRISES LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SKAARUP SHIPPING INTERNATIONAL CORP., SKAARUP SHIPPING INTERNATIONAL CORP, SKAARUP SHIPPING FORTUNE LTD., SKAARUP SHIPPING CORP., THOMAS BENE, OLE SKAARUP, and JONATHAN ZHU,<br><br>Defendants. | Case No. 3:09-CV-01878 (SRU)<br><br>ECF CASE<br><br><br><br>March 12, 2010 |

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2010 I filed a copy of the foregoing **REPLY IN FURTHER SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND 28 U.S.C. § 1927** and **DECLARATION OF ROBERT S. FRIEDMAN IN SUPPORT OF MOTION FOR SANCTIONS** electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

DEFENDANTS SKAARUP SHIPPING INTERNATIONAL CORP., SKAARUP SHIPPING CORP., THOMAS BENE AND OLE SKAARUP

By: _/s/ Lisa M. Lewis_
Lisa M. Lewis (PHV 03771)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, Suite 2400
New York, New York 10112
Tel: 212.653.8700