## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EVERSPEED ENTERPRISES LTD.,

                        Plaintiff,

    -against-

SKAARUP SHIPPING INTERNATIONAL CORP.,
SKAARUP SHIPPING INTERNATIONAL CORP.,
SKAARUP FORTUNE SHIPPING LTD.,
SKAARUP SHIPPING CORP., THOMAS BENE;
OLE SKAARUP; and JONATHAN ZHU,

                        Defendants.

-------------------------------------------------------------------X

Case No. 3:09-CV-01878 (SRU)

April 1, 2010

**MOTION FOR LEAVE
TO COMMENCE
DISCOVERY**

## MOTION FOR LEAVE TO COMMENCE DISCOVERY

Pursuant to Fed. R. Civ. P. 26(b)(1) and (d)(1), Plaintiff EVERSPEED ENTERPRISES LTD. ("Everspeed") hereby moves for leave to commence limited discovery of Defendants SKAARUP SHIPPING INTERNATIONAL CORP. (a Vanuatu corporation), SKAARUP SHIPPING CORP. ("Skaarup Shipping"), THOMAS BENE, OLE SKAARUP, (together with SKAARUP SHIPPING INTERNATIONAL CORP. (a dissolved Liberia corporation), the "Skaarup Defendants") and JONATHAN ZHU. In support of this motion, the undersigned represents as follows:

1.      On Tuesday March 30, 2010, Your Honor received evidence on Plaintiff's pre-judgment remedy application and also took partial argument on the pending motions to dismiss filed by the Skaarup Defendants and Defendant Skaarup Fortune Shipping Ltd. ("Skaarup Fortune").

2.      Mr. Keith Denholm testified that Mr. Zhu and Mr. Syrrist identified the Skaarup guarantor by several different names, some of which are now revealed to be completely different

entities. Mr. Zhu, as a Vice-President of Skaarup Shipping and an employee of Skaarup Fortune, must have known the name of the proper entity that would issue the guarantee.

3.    Mr. Syrrist testified that the Skaarup Group has and continues to misrepresent the nature and extent of its subsidiary and affiliate relationships. The testimony by Mr. Syrrist revealed that "The Skaarup Group," even today, makes public representations to the market that cannot be true (since, e.g., nonparty Skaarup Shipbrokers, Inc. was sold to a third party and no longer exists under that name) and that were always misleading (e.g., the lack of any financial, ownership, or control over Skaarup Shipbrokers, Inc. by the Skaarup Group). Since the information provided by the Skaarup Defendants in the area of corporate structure, ownership, and authority has been shown, without dispute or challenge, to be demonstrably false, Plaintiff is entitled to seek discovery against the Skaarup Defendants on the alter ego issues framed by the pleadings.

4.    Documents produced by the Skaarup Defendants on the eve of the hearing as "proposed exhibits" included two documents purporting to be:

   a.  minutes of a meeting of the shareholders of Skaarup Shipping Corp. held on November 9, 2009 (Skaarup Defendants' proposed Exhibit H), and

   b.  minutes of a meeting of the shareholders of Skaarup Shipping International Corp. held on November 9, 2009 (Skaarup Defendants' proposed Exhibit J).

A cursory review of these documents reveals that they each refer to a "review of the financial and operational activities of the company for the year 2007." Given the date of the purported meetings in late 2009, one implication of this language is that the prior annual meeting was not held (since 2008 was not discussed nor the first eleven months of 2009), a classic sign of non-observation of corporate formalities. Alternatively, without accusing the Skaarup Defendants of actual wrongdoing, it is the experience of counsel for Plaintiff that similar

2

discrepancies can occur when documents are hastily drafted in what is euphemistically referred to as "corporate clean-up," or improperly creating documents *ex post facto*. Despite our requests, the Defendants still have not produced documents showing SSI Vanuatu's officers and directors at the time of the charter party negotiations. The questions raised on the face of these documents makes plain that Plaintiff is entitled to inquire further before presenting the evidence to the Court in the most expedient fashion.

5.      Finally, only on the Friday before the hearing did Skaarup Fortune reveal the email address that Plaintiff used to connect Defendant Jonathan Zhu to Cross Ocean, a new company operating in the same offices as Skaarup Fortune, using Skaarup Fortune resources, and trading exclusively with Skaarup Fortune customers. Given Mr. Bene's role as 1/3 shareholder and as a director of Skaarup Fortune, in addition to his roles and ownership interests in Skaarup Shipping and SSI Vanuatu, Plaintiff should be afforded an opportunity to investigate this development based on the delayed revelations by the Defendants. (On March 18, the Court ordered Skaarup Fortune to "immediately" provide contact information for Mr. Zhu. Regrettably, Skaarup Fortune's counsel did not comply with the Court's order and did not disclose the email address leading to the revelation of the possible diversion of Skaarup Fortune's resources and breaches of fiduciary duty until Friday, March 26.)

6.      Beyond the equities of the situations created by the various defendants in withholding information, obscuring relationships, and producing questionable documents, we respectfully submit that the Court would itself benefit from a more streamlined presentation of the meaningful evidence in the form of a well-developed record on the issues presented by the pre-judgment remedy application. For example, Plaintiff's investigations have revealed literally dozens of related Skaarup entities, in each of which Mr. Bene reportedly played a significant

role, and over all of which he, with Mr. Skaarup and perhaps other as-yet-unnamed defendants, exercised domination and control.

7.    Toward this end, Plaintiff proposed to counsel for the Skaarup Defendants that Mr. Thomas Bene be produced for a deposition rather than at the hearing. However, this proposal has been flatly rejected by counsel notwithstanding counsel's vigorous protestations concerning producing Mr. Bene in court for examination at the pre-judgment remedy hearing.

8.    Plaintiff submits that limited discovery from the Skaarup Defendants, on the alter ego allegations alone, including via production of corporate records (e.g., financial statements and records, intra-group contracts and transfer pricing, and shareholder / board of director records) and depositions of, *inter alia*, Mr. Bene, will further develop the record and preserve Court resources. Following this limited discovery, Plaintiff could submit those portions of the discovery, including transcripts, that support the alter ego allegations. Since Plaintiff would no longer require the presence of Mr. Bene or the other Skaarup Defendants in open court, the Skaarup Defendants could submit Declarations or adduce additional live testimony from those individuals, at their option, for the purpose of countering Plaintiff's submissions.

9.    The Second Circuit, relying on the broad parameters of Fed. R. Civ. P. 26(b)(1) has previously determined that a party's financial records and documents are relevant for discovery purposes if the same implicates specific elements of a claim or defense that has been put in issue by the action. *See Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 167-68 (2d Cir. 1991) (plaintiff afforded discovery of defendant's financial records in order to seek to establish alleged alter ego liability theory).

10.    Recent authority in the District of Connecticut supports Plaintiff's contention that it should be permitted limited discovery in connection with its application for pre-judgment remedy. *See Ensign Yachts, Inc. v. Arrigoni*, 2009 U.S. Dist. LEXIS 108355 at *3-4 (D. Conn.

4

2009) (following initial denial of requested pre-judgment remedy and upon a granted request for reconsideration, discovery was granted and court subsequently granted the requested prejudgment remedy following a hearing); *see also Chen v. Maounis*, 2008 U.S. Dist. LEXIS 34273 (D. Conn. 1998) (addressing whether prejudgment remedy application could be voluntarily withdrawn on eve of adverse ruling following *extensive discovery*); *Bahrain Telecoms Co. v. DiscoveryTel Inc.*, 476 F. Supp. 2d 176, 178 (D. Conn. 2007) (court adjourned prejudgment application hearing for one month upon defendant request for limited discovery); and *Darrah-Wantz v Brown*, 138 F.R.D. 20, 1991 U.S. Dist. LEXIS 14074 (D. Conn. 1991) (defendant's legal arguments challenging the application for pre-judgment remedy found "best presented" after discovery permitted).

11.    We request at this time that Your Honor stay the pending hearing and allow the parties to proceed with the proposed limited discovery. The limited discovery would streamline the proceedings for a just and more efficient resolution of the pre-judgment remedy application.

WHEREFORE, the undersigned respectfully requests that the Court enter an Order granting leave to Everspeed Enterprises Ltd. to commence discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District and staying the prejudgment remedy hearing until further order of this Court, and granting such other, further, and different relief as may be equitable, fair, and just.

Respectfully submitted,


The Plaintiff,
EVERSPEED ENTERPRISES LIMITED

BY: _____

Kevin J. Lennon (CT 20411)
Patrick F. Lennon (CT 11950)
LENNON, MURPHY & LENNON, LLC
Tide Mill Landing
2425 Post Road
Southport, CT 06890
(203) 256-8600
(203) 256-8615 fax
kjl@lenmur.com
pfl@lenmur.com

*Of counsel:*

Michael J. Mitchell
MICHAEL J. MITCHELL, P.C.
494 Eighth Avenue, 7th Floor
New York, New York 10001
(646) 328-0120
mimoma@rcn.com

Richard J. Colisimo, Esq.
Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7th Floor
New York, NY 10001
rcolosimo@bgmplaw.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 1 , 2010 I caused a copy of the foregoing **MOTION FOR LEAVE TO COMMENCE DISCOVERY** to be served on all parties' counsel via electronic mail and by filing the same on the Court's electronic case filing system ("ECF"), which automatically causes a notification of the filing to all parties and counsel of record. The following counsel were served via electronic mail:

*rfriedman@sheppardmullin.com*
Robert S. Friedman, Esq.
Sheppard Mullin Richter & Hampton
30 Rockefeller Plaza, 24th Floor
New York, NY 10112

*mmcgrath@sheppardmullin.com*
Mark E. McGrath, Esq.
Sheppard Mullin Richter & Hampton
30 Rockefeller Plaza, 24th Fl.
New York, NY 10112

*lmlewis@sheppardmullin.com*
Lisa M. Lewis, Esq.
Sheppard Mullin Richter & Hampton
30 Rockefeller Plaza, 24th Fl.
New York, NY 10112

*corozco@tisdale-law.com*
Tisdale Law Offices
10 Spruce Street
Southport, CT 06890

*rwanchoo@wanchoolaw.com*
Rahul Wanchoo, Esq.
Wanchoo Law Offices
350 Fifth Avenue
59th Floor
New York, NY 10118

7

8

***jmeerbergen@fercolaw.com***
John E. Meerbergen, Esq.
Bleakley, Platt & Schmidt
66 Field Point Rd.
Greenwich , CT 06830-6473

Kevin J. Lennon