# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------------------------------X

EVERSPEED ENTERPRISES LTD.,

                              Plaintiff,

     -against-

SKAARUP SHIPPING INTERNATIONAL CORP.,
SKAARUP SHIPPING INTERNATIONAL CORP.,
SKAARUP FORTUNE SHIPPING LTD.,
SKAARUP SHIPPING CORP., THOMAS BENE;
OLE SKAARUP; and JONATHAN ZHU,

                           Defendants.

-----------------------------------------------------------------------X

Case No. 3:09-CV-01878(SRU)

April 21, 2010

**MOTION FOR**
**TEMPORARY**
**RESTRAINING ORDER**

## MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Fed. R. Civ. P. 65(b), Plaintiff EVERSPEED ENTERPRISES LTD. ("Everspeed") hereby moves to enjoin the transfer outside of the United States of funds in the amount of $894,050.00 belonging to Defendant SKAARUP FORTUNE SHIPPING LTD., which funds are presently in the possession of JPMorgan Chase Bank.

In support of this motion, the undersigned represents as follows:

1.      On February 13, 2009, Plaintiff Everspeed filed a Verified Complaint against Skaarup Fortune Shipping Ltd. ("Skaarup Fortune") and Skaarup Shipping International Inc. ("SSI") in the US District Court, Southern District of New York, 09 cv 1319 (The Honorable Leonard Sand) seeking, *inter alia*, issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims (Ex. 1).

2.      On February 17, 2009, the Court issued an *ex parte* order for Process of Maritime Attachment and Garnishment in the amount of $49,690,801 against defendants Skaarup Fortune and Skaarup Shipping International (Ex. 2).

3.      On or about February 24, 2009, garnishee JPMorgan Chase Bank attached funds belonging to Skaarup Fortune in the amount of $ 894,050. The funds were in the form of an electronic funds transfer ("EFT") that was being sent by Skaarup Fortune from an account held in its name at HSBC Bank in Hong Kong. The transfer was intended for the benefit of a Hong Kong company called Powergain Investments Ltd. The HSBC Application for Funds Transfer is executed "For and On Behalf of Skaarup Fortune Shipping Limited" by Jonathan Zhu, defendant in the instant action, who signed the wire transfer instruction. (Ex. 3).

4.      On October 16, 2009, the U.S. Court of Appeals for the Second Circuit issued its decision in *Shipping Corp. of India v. Jaldhi*, 585 F.3d 58 (2d Cir. 2009), wherein the Second Circuit overruled two prior decisions and held that under New York state law, EFTs while in the possession of intermediary banks are not the 'property' of the defendant and thus were not subject to attachment under Rule B.

5.      On or about November 23, 2009, Judge Sand, in response to the *Jaldhi* decision, ordered Plaintiff to show cause why the restrained funds should not be released.

6.      After briefing, Judge Sand vacated the attachment by order dated February 18, 2010, relying upon the Second Circuit's holding in *Jaldhi*. (Ex. 4).

7.      Defendant Skaarup Fortune sought the return of the attached funds to its account at HSBC Hong Kong from which the EFT had been originated pursuant to the instructions of Jonathan Zhu. On March 4, 2010, Attorney Wanchoo instructed the garnishee bank JPMorgan Chase to "… please release the funds and return the $894,050 to the originating bank **for return to Skaarup**." (Ex. 5). Attorney Wanchoo did not otherwise specify to which Skaarup entity he referred.

8.      Everspeed objected to the release of the funds as Judge Sand's order did not authorize the return of the funds to Skaarup. The garnishee bank refused to release the funds pending consent of the parties or a court order.

9.      Thereafter, Skaarup Fortune petitioned the court for a Turnover Order seeking the return of funds to the defendant Skaarup Fortune and provided the court with a "Proposed Turn Over Order For Garnishee Banks To Release Attached Funds." Judge Sand signed the Turnover Order on April 19, 2010. (Ex. 6).

10.     The Turnover Order specifies that Skaarup Fortune originated the wire transfer that had been restrained (Fourth Whereas Clause, Ex. 6), and directs that the attached funds in the amount of $ 894,050 "shall be transferred to Defendant pursuant to instructions to be furnished to the garnishee bank by Defendant's counsel, Wanchoo Law Offices, LLP". (Penultimate Clause, Ex.6). There can be no doubt that the restrained funds are the property of or belong to Skaarup Fortune or one of the Skaarup defendants, as confirmed by Mr. Wanchoo's instructions to the bank dated March 4, 2010. (See Ex. 5).

11.     As evidenced by Mr. Wanchoo's request, Skaarup Fortune all along intended to remove the funds from this Court's jurisdiction while Plaintiff's Application for Prejudgment Remedy was pending. Should the funds be removed to Hong Kong, it is unlikely that they will be available to be restrained should the Court grant Plaintiff's PJR application.

12.     Defendant Thomas Bene is a Director of Skaarup Fortune, though he is represented individually by separate counsel. Attached as Ex. 7 are Hong Kong Companies Registry Reports signed by Mr. Bene as Director on behalf of Skaarup Fortune.  This Court has personal jurisdiction over Mr. Bene and over Skaarup Fortune.

13.     Plaintiff will suffer irrevocable harm if the funds are removed to Hong Kong. Uncontroverted evidence introduced during the PJR hearing demonstrates that defendant

Skaarup Fortune is no longer trading; that the missing witness who authorized the wire transfer, Mr. Jonathan Zhu, remains in Skaarup Fortune's premises albeit under the guise of a newly formed entity called Cross Ocean; and that Mr. Zhu "voluntarily" resigned from defendant Skaarup Fortune just days before the PJR hearing (raising the question of who, then, if not Mr. Zhu, is issuing instructions for the return of the garnished funds to "Skaarup," as Mr. Wanchoo instructed the bank). Plaintiff has been unable to locate any assets belonging to Skaarup Fortune besides the restrained funds.

14.     Defendant will surely dissipate the released funds and intends doing so before this Court decides the PJR application. Plaintiff will suffer irreparable harm should this emergency application be denied and the released funds dissipated. Therefore, Everspeed respectfully requests that this Honorable Court issue a temporary restraining order preventing the return of the funds to Skaarup Fortune's HSBC bank account in Hong Kong,  directing the defendant Skaarup Fortune to deposit the funds in the Court's registry pending determination of Plaintiff's PJR Application, and directing Skaarup Fortune's counsel to instruct the garnishee bank accordingly.

Respectfully submitted,

The Plaintiff,
EVERSPEED ENTERPRISES LIMITED

BY:

Patrick F. Lennon (CT 11950)
Kevin J. Lennon (CT 20411)
LENNON, MURPHY & LENNON, LLC
Tide Mill Landing
2425 Post Road
Southport, CT 06890
(203) 256-8600
(203) 256-8615 fax
pfl@lenmur.com
kjl@lenmur.com

*Of counsel:*
Michael J. Mitchell
MICHAEL J. MITCHELL, P.C.
494 Eighth Avenue, 7th Floor
New York, New York 10001
(646) 328-0120
mimoma@rcn.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2010 I caused a copy of the foregoing **MOTION FOR TEMPORARY RESTRAINING ORDER** to be served on all parties' counsel via electronic mail and by filing the same on the Court's electronic case filing system ("ECF"), which automatically causes a notification of the filing to all parties and counsel of record.   The following counsel were also served with a copy of the foregoing via electronic mail:

*rfriedman@sheppardmullin.com*
Robert S. Friedman, Esq.
Sheppard Mullin Richter & Hampton
30 Rockefeller Plaza, 24th Floor
New York, NY 10112

*dbrown@sheppardmullin.com*
Daniel Brown, Esq.
Sheppard Mullin Richter & Hampton
30 Rockefeller Plaza, 24th Floor
New York, NY 10112

*mmcgrath@sheppardmullin.com*
Mark E. McGrath, Esq.
Sheppard Mullin Richter & Hampton
30 Rockefeller Plaza, 24th Fl.
New York, NY 10112

*lmlewis@sheppardmullin.com*
Lisa M. Lewis, Esq.
Sheppard Mullin Richter & Hampton
30 Rockefeller Plaza, 24th Fl.
New York, NY 10112

*jmeerbergen@fercolaw.com*
John E. Meerbergen, Esq.
Bleakley, Platt & Schmidt
66 Field Point Rd.
Greenwich , CT 06830-6473

*corozco@tisdale-law.com*
Claurisse Orozco, Esq.
Tisdale Law Offices
10 Spruce Street
Southport, CT 06890

*rwanchoo@wanchoolaw.com*
Rahul Wanchoo, Esq.
Wanchoo Law Offices
350 Fifth Avenue
59th Floor
New York, NY 10118

Kevin J. Lennon

# EXHIBIT 1

Michael J. Mitchell, P.C.
Attorneys for Plaintiff
EVERSPEED ENTERPRISES LIMITED PTE LTD.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    (646) 328-0120
Facsimile:    (646) 328-0121
Michael J. Mitchell (MM9005)
MIMOMA@RCN.COM



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
EVERSPEED ENTERPRISES LIMITED PTE. LTD.,

                                        Plaintiff,

        -against-                                                    **VERIFIED COMPLAINT**

SKAARUP FORTUNE SHIPPING LTD,
SKAARUP SHIPPING INTERNATIONAL CORP.,

                                        Defendants.
--------------------------------------------------------------X

        Plaintiff, EVERSPEED ENTERPRISES LIMITED PTE. LTD., by their attorneys,

Michael J. Mitchell, P.C., complaining of the defendants, SKAARUP FORTUNE SHIPPING

LTD. and SKAARUP SHIPPING INTERNATIONAL CORP., herein, alleges upon information

and belief as follows:

        1.    This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully

appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure.

        2.    At all times hereinafter mentioned, Plaintiff, EVERSPEED ENTERPRISES

LIMITED PTE. LTD. ("EVERSPEED"), was, and now is, a corporation or other business entity

duly organized and existing under and by virtue of the laws of a foreign country, with an office

and place of business in Singapore.

3.     At all times hereinafter mentioned, defendants SKAARUP FORTUNE SHIPPING LTD. ("Skaarup Fortune") was, and still is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Shanghai, China.

4.     At all times hereinafter mentioned, defendants SKAARUP SHIPPING INTERNATIONAL CORP. ("Skaarup International") was, and still is, an out of state corporation or other business entity duly organized and existing under and by virtue of the laws of Connecticut, with an office and  principal place of business in Connecticut.

5.     Plaintiff Everspeed was at all pertinent times the disponent owners of the M/V BUNGA SAGA 9.

6.     On or about the 9th day of March 2008, defendant entered into a maritime contract with plaintiff for the charter of the M/V BUNGA SAGA 9, wherein Defendant Skaarup Fortune agreed to pay Plaintiff Everspeed charter hire and demurrage at the rates specified in the contract for use of vessel charter period through December 15, 2010.

7.     The charter party provided for payment of hire at the rate of US $56,500.00 per day payable every fifteen days in advance.

8.     The parties further agreed to the arbitration of disputes arising out of the charter in Singapore with English law to apply.

9.     On or about January 23, 2009, Defendant Skaarup Fortune wrongfully terminated the charter, causing Plaintiff substantial economic harm and financial losses for the duration of the charter.

2

10.     Defendant Skaarup Fortune has failed to comply with its obligation  to pay hire according to the terms of the charter party, thereby causing Plaintiff to suffer damages and losses in the estimated amount of US $39,041,500.00.

11.     Skaarup International guaranteed the performance of Skaarup Fortune and thus are jointly and severally liable to Everspeed for damages caused by Skaarup Fortune's breaches of the charter.

12.     Pursuant to the terms of the charter, all disputes arising under the charter are to be submitted to arbitration in Singapore with English law to apply.  Plaintiff has commenced arbitration against Defendants in accordance with the terms of the charter.

13.     This action is brought in order to obtain jurisdiction over Defendants and also to obtain security for Plaintiff's claims and in aid of the pending Singapore arbitration proceedings.

14.     As best as can now be estimated, Plaintiff Everspeed expects to recover the following amounts in Singapore arbitration from Defendants Skaarup Fortune and Skaarup International:

| | | | |
|---|---|---|---|
| A. Principal Claim: | | US | $39,041,500.00 |
| B. Interest on Principal (3years, 7.5% computed quarterly): | | US | $9,749,301.00 |
| C. Estimated Attorney Fees: | | US | $600,000 |
| D. Estimated Arbitration Expenses: | | US | $300,000 |
| **TOTAL CLAIM** | | US | $49,690,801.00 |

15.     Plaintiff specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure plaintiff.

16.     This action is brought *inter alia* pursuant to 9 U.S.C. § 8 in order to obtain security for plaintiff's claims made or to be made in another jurisdiction including Singapore.

3

The contracts at issue here are maritime contracts which provide for all disputes to be decided by arbitration in Singapore with English Law to apply.

17.    Plaintiff has commenced arbitration against Defendants in accordance with the charter.

18.    As a regular feature of English law and Singapore arbitration, attorney's fees are awarded to the successful litigant, along with costs, disbursements, and interest, all of which constitutes a part of the plaintiff's main claim in admiralty and the amount sued for herein.

19.    Upon information and belief, and after investigation, defendants cannot be found within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but plaintiff believes that defendants have, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendant (collectively hereinafter, "assets"), including but not limited to in its name and/or being transferred for its benefit funds, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

20.    Defendants are engaged in worldwide maritime commerce and conduct business in U.S. dollars, and have in the past transferred sums of money to plaintiff through the New York banking system.

21.    All international U.S. dollar fund transfers are processed by intermediary banks in the United States, primarily through banks located in the Southern District of New York.

4

22.    Plaintiff has good cause to believe that defendants have assets, including but not limited to accounts, monies, charter hire, credits, debts owing to defendants, payments for bunkers, cargo, goods and services, unmatured debts, freight and/or hire payments to, from or for the benefit of defendants and/or Clearing House Interbank Payment System credits or funds being transferred through intermediary banks, located within this District in the possession of garnishees, including: ABN AMRO Bank, American Express Bank, Bank of America, Bank of China, Bank of New York Mellon, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon Bank, Citibank, Credit Suisse, Deutsche Bank, HSBC, JP Morgan Chase, Societe Generale, Standard Chartered Bank, UBS AG, Wachovia Bank and/or Wells Fargo Bank.

23.    The total amount sought to be attached pursuant to the above is $49,690,801.00.

**WHEREFORE**, Plaintiff prays:

1.    That process in due form of law according to the practice of this Court may issue against defendants citing them to appear and answer the foregoing;

2.    That if defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of defendant up to and including $49,690,801.00 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, frights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of defendant, including but not limited to assets in its name and/or being transferred for its benefit, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

5

3.     That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the defendants in the Singapore proceedings; and,

4.     For such other, further and different relief as this Court may deem just and proper in the premises.

Dated:  New York, New York
        February 13, 2009

                              Michael J. Mitchell, P.C.
                              Attorneys for Plaintiff
                              EVERSPEED ENTERPRISES LIMITED PTE. LTD.


                              Michael J. Mitchell
                              494 Eighth Avenue, 7th Floor
                              New York, New York 10001
                              Telephone:    (646) 328-0120
                              Facsimile:    (646) 328-0121
                              MIMOMA@RCN.COM

6

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF NEW YORK  )

Michael J. Mitchell, being duly sworn, deposes and says as follows:

1.    I am an attorney duly admitted to practice before this Honorable Court and represent plaintiff, EVERSPEED ENTERPRISES LIMITED PTE. LTD. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.    The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.    The reason this verification is made by an attorney and not by the plaintiff is because the plaintiff is a foreign entity, none of whose officers are presently within this Judicial district

_____
Michael J. Mitchell

Sworn to before me this
13th day of February, 2009

_____
Notary Public

NICHOLAS P. GIULIANO
Notary Public, State of New York
No. 02GI4759611 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 3-30-2010
Z:\Staff folders\MJM\Pacific Carriers Ltd\107-0006 MV Bunga Saga\Legal\Rule B Undersea\VerifComp-021109.doc

# EXHIBIT 2

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York – GREETINGS:

WHEREAS, a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 13th day of February, 2009 by

EVERSPEED ENTERPRISES LIMITED PTE. LTD.,

Plaintiff,                                         09-CV-

- against -

SKAARUP FORTUNE SHIPPING LTD.,
SKAARUP SHIPPING INTERNATIONAL CORP.,

Defendants.

in a certain action for breach of a maritime contract, resulting in damages being suffered by EVERSPEED ENTERPRISES LIMITED PTE LTD. in the amount of US $49,690,801.00 and praying for process of maritime attachment and garnishment against the defendants, and

WHEREAS, this process is issued pursuant to such prayer and require that a garnishee shall serve his answer, together with answers to any interrogatories served with the complaint, within 20 days after service of process upon him and requires that defendants shall serve their answers within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the defendant cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach credits and effects to the amount sued for, in the hands of: American Express Bank, Ltd., JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank and Fortis Bank, and Nordea Bank Finland PLC or any other Bank or financial institutions located in New York, New York, to wit: cash, funds, freight, hire and credits owing up to the sum of US $49,690,801.00 and that you promptly after execution of this process, file the same in this Court, with your return thereon.

WITNESS, the Honorable *Leonard B. Sand*, Judge of said Court, this *18* th day of February, 2009, and of our Independence the Two Hundred and Thirty-Second.

J. MICHAEL McMAHON
Clerk

By:  _____
Deputy Clerk

Michael J. Mitchell, P.C.
Attorneys for Plaintiff
Michael J. Mitchell (MM 9005)
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:  (646) 328-0120
Facsimile:  (646) 328-0121

CERTIFIED AS A TRUE COPY ON

THIS DATE  *2/18/09*

BY  _____
( ) Clerk
(✓) Deputy

JUDGE SAND

Michael J. Mitchell, P.C.
Attorneys for Plaintiff
EVERSPEED ENTERPRISES LIMITED PTE. LTD.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 328-0120
Facsimile:   (646) 328-0121
Michael J. Mitchell (MM9005)
MIMOMA@RCN.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/09

09 CV 1319

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EVERSPEED ENTERPRISES LIMITED PTE. LTD.,                    09-CV

                                 Plaintiff,

          -against-                                         **EX PARTE ORDER FOR
                                                            PROCESS OF MARITIME
SKAARUP FORTUNE SHIPPING LTD.,                              ATTACHMENT**
SKAARUP SHIPPING INTERNATIONAL CORP.,

                                 Defendants.

-------------------------------------------------------------X

_____, District Judge:

On February 13, 2009, Plaintiff filed a Verified Complaint seeking damages of U.S.

$49,690,801.00 arising from Defendant's breach of a maritime contract for the charter of the

M/V BUNGA SAGA. That same day, Plaintiff also moved for the Court to issue, *ex parte*,

Process of Maritime Attachment and Garnishment ("Process") under Rule B of the Supplemental

Rules for Certain Admiralty Claims.  The Process would command the U.S. Marshal or other

designated process server to attach any and all of the Defendants' property within this District,

up to the amount of Plaintiff's claim under the contract.  The Court has reviewed the Verified

Complaint and the supporting affidavit of Michael J. Mitchell, and finds that the requirements of

Rule B appear to be satisfied.

Plaintiff also sought to appoint Mr. Mitchell, or any other person appointed by Michael J. Mitchell, P.C., counsel for Plaintiff, to serve Process in this matter.  The Court has reviewed Mr. Mitchell's affidavit and found that the appointment would result in substantial economics in time and expense, and signed an Order of Appointment.

Accordingly, it is hereby

ORDERED that Process under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims shall issue against Defendants' assets in this district consisting of cash, funds, freight, and hire credits in the hands of BNP Paribas, Fortis Bank, JP Morgan Chase, Deutsche Bank, HSBC (USA) Bank, Doha Bank, American Express Bank, Citibank, Nordea Bank Finland PLC and/or other New York City banks and financial institutions, in an amount up to and including U.S. $49,690,801.00  It is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to this order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted.  It is further

ORDERED that supplemental process enforcing this Order may be issued by the Clerk upon application without further order of the Court.  It is further

ORDERED that a copy of this Order be attached to and served with the Process.

Dated:  New York, New York
         February, ___, 2009

SO ORDERED,

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT 3

Ex A

## 境外汇款申请书
### APPLICATION FOR FUNDS TRANSFERS (OVERSEAS)

日期 Date: 09.2.20

☑电汇 T/T   ☐票汇 D/D   ☐信汇 M/T   优先等级 Priority: ☐普通 Normal  ☐加急 Urgent

□ 9078〕

| 汇款金额 Remit Settlement Amount | USD 894050.00 | 金额大写 Amount in Words | 美金捌拾玖万肆仟零伍拾元整 |
| 外汇金额 Amount in FX | | 账号 Account No./Credit Card No. | 510-018716-837 |
| 购汇金额 Amount of Purchase | | 账号 Account No./Credit Card No. | |
| 其他金额 Amount of Others | | 账号 Account No./Credit Card No. | |

汇款人名称及地址 Remittance Name & Address: SKAAPUP FORTUNE SHIPPING LTD

组织机构代码 Unit Code: ☐ ☐对私 ☐中国居民个人 Resident Individual ☐中国非居民个人 Non-Resident Individual  个人身份证件号码 Individual ID NO.

收款银行之代理行名称及地址 Correspondent of Beneficiary's Bank Name & Address: The banket Tokyo-Mitsubishi UFJ LTD, Newyork branch  Swift: BOTKUS33

57a 收款人开户银行名称及地址 Beneficiary's Bank Name & Address: 收款人开户银行在其代理行账号 Bene's Bank A/C No. The bank of Tokyo-Mitsubishi UFJ LTD  Hongkong B.H. BOTKHKHH

59a 收款人账号 Bene's A/C No. 808000159073

收款人名称及地址 Beneficiary's Name & Address: POWERGAIN INVESTMENTS LTD

70a 汇款附言 Remittance Information: 只限140个字位 Not Exceeding 140 Characters  MV Austin 22nd hire

71A 国内外费用承担 All Bank's Charges If Any Are To Be Borne By  ☐我方 OUR  ☐收方 BEN  ☐共同 SHA

收款人所在国家/地区名称及代码 Resident Country/Region Name & Code: HK

汇款性质 Remittance Payment: ☐预付货款 Payment Against Delivery  ☐退款 Refund  ☐其他 Others

交易编码 BOP Transac. Code

相应币种及金额 Currency & Amount

交易附言 Transac. Remark

是否与进口核销项下付款

外汇局批件/备案表号

报关单经营单位代码

本次核注金额

本次核注金额

汇款人签章 Applicant's Signature

兑换汇率 Rate  等值人民币 RMB Equivalent  手续费 Commission  电报费 Cable Charges  合计 Total Charges

SKAAPUP FORTUNE SHIPPING LIMITED

Authorized Signature(s)

(印章 2009.2.20)

支付此款方式 If Payment of the Remittance: ☐现金 by Cash  ☐支票 by Check  ☐账户 from Account

申请人姓名 Name of Applicant

电话号码 Phone No.

经办人 Authorized Person
日期 Date

23-FEB-2009  16:26     SE HSH OP DEPT                              10481   P.01

```
Sat Feb 21 2009 01:07:53 PM GMT+09:00 HSHRCVQ:22355 Page 1
*************** GROUP MESSAGING GATEWAY ***************
* PRT NO HSHRCVQ:22355 BY HSH OPR SYS  Feb 21, 2009 AT 1:07:53 PM  *
*                                                                  *
* IRN 090820083343        SERVICE IN MQS34     HASH 118812         *
* TRN MQSHOS-034082850195 SERVICE OUT          OSN  850195         *
*                                                                  *
* SENDER ADDRESS          HASEHKHH                                 *
* ROUTE CODE (HASEHOS)    HANG SENG BANK LTD                       *
*                         HEAD OFFICE                              *
*                         83 DES                                   *
*                         VOEUX ROAD                               *
*                         CENTRAL HONG KONG                        *
*************************************************************************
* *** INFORMATION WARNING BITS SET ***                            *
* Processed Routing Msg,Message Parsed                            *
* THIS A GMG Message                                              *
*************************************************************************
{1:F01HASEHKHHXXXX0000000000}
{2:I199HASECNSHXXXXN}
MT:199   FREE FORMAT MESSAGE
20    Transaction Reference Number     RASE0174-21FEB09
21    Related Reference                TT HSH090987
79    Narrative
      ATTN: FOREIGN REMITTANCES SECTION
      YOUR MT103 DATED 20FEB09 TRN TT
      HSH090987         FOR 894,050.00/USD
      IN FAVOUR OF BOTKHKHH
      A/C POWERGAIN INVESTMENTS LTD HK
      A/C NO. 80800059473
      PAYMENT EFFECTED THRU US CORR BANK CHASUS33 ON
      20FEB09.
      FOLLOWING MSG REC'D FROM CHASUS33 TODAY:
      QUOTE PLEASE BE ADVISED THAT WE RESTRAINED YOUR
      PAYMENT PURSUANT TO A MARITIME  ATTACHMENT COURT
      ORDER ISSUED BY THE FEDERAL COURT IN THE SOUTHERN
      DISTRICT OF NEW YORK. RE EVERSPEED ENTERPRISES
      LIMITED PTE LTD V. SKAARUP FORTUNE SHIPPING LTD,
      SKAARUP SHIPPING INTERNATIONAL CORP. THE
      PLAINTIFF IS REPRE SNETED BY MICHAEL J. MITCHELL
      P.C. ATTORNEYS FOR PLAINTIFF, MICHAEL J.
      MITCHELL (MM 9005) 494 EIGHT AVENUE  7TH FLOOR
      NEW YORK, NEW YORK 10001 TEL. (646) 328-0120 FAX
      (646) 328-0121, THANK YOU.
      UNQUOTE.

      IN REPLY, PLS CONTACT CHASUS33 DIRECTLY QUOTING
      THEIR TRN JPM8551-20FEB09.
      IN REPLY, PLEASE ALWAYS QUOTE OUR REFERENCE
      RASE0174-21FEB09 IN FIELD 21 OF YOUR SWIFT
      MESSAGE ATTENTION TO OUR HASE PAYMENT
      INVESTIGATION.
      REGARDS.
*************************************************************************
PRT AP HSHRCVQ:22355 BY HSH OPR SYS  Feb 21, 2009 AT 1:07:53 PM
END OF MESSAGE
```

西 长小里

68880789

                                                   TOTAL P.01

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-18-10

EVERSPEED ENTERPRISES LIMITED
PTE. LTD.,

                          Plaintiff,

            v.

SKAARUP FORTUNE SHIPPING LTD.,

                          Defendant.

**ORDER**

09 Civ. 1319 (LBS)

SAND, J.

In light of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, No. 08 Civ. 3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009), the Court issued an order to show cause as to why the order of attachment issued in this action should not be vacated, any attached funds released, and this action dismissed. Plaintiff has responded to this order to show cause, and Defendant has replied to the Plaintiff's response. For the following reasons, the order of attachment is vacated and this case is dismissed without prejudice or costs to any party.

**I.    Discussion**

In *Jaldhi*, the Court of Appeals for the Second Circuit held that Electronic Funds Transfers ("EFTs") in the temporary possession of an intermediary bank are not the property of the originator or the beneficiary of the transfer under New York law, and are not attachable under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, overruling *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002). *Jaldhi*, 2009 WL 3319675. In *Hawknet, Ltd. v. Overseas Shipping Agencies, et al.*, No. 09 Civ. 2128,

1

2009 WL 4911944 (2d Cir. Dec. 22, 2009), the Court of Appeals held in an amended opinion

that the rule in *Jaldhi* applies retroactively.

Plaintiff argues that equitable factors, particularly the heavy reliance Plaintiff placed on

the rule in *Winter Storm* that led it to undertake a costly, still-pending arbitration, counsel

against retroactive application of *Jaldhi*. However, the Court of Appeals in *Hawknet* explicitly

stated that, "[a]lthough we recognize that the parties relied on *Winter Storm Shipping, Ltd. v.

TPI*—the case we overruled in [*Jaldhi*]—when structuring their transactions, the Supreme Court

has held that a reliance interest is insufficient to overcome the presumption of retroactivity."

*Hawknet*, 2009 WL 4911944, at *2 n.7 (*citing Harper v. Virginia Dep't of Taxation*, 506 U.S.

86, 97 (1993) ("In both civil and criminal cases we can scarcely permit the substantive law to

shift and spring according to the particular equities of individual parties' claims of actual

reliance on an old rule and of harm from a retroactive application of the new rule.")).

Moreover, courts in this District have found equitable considerations insufficient to prevent the

application of *Jaldhi* and *Hawknet* when plaintiffs have relied on a Rule B attachment to

undertake a pending or completed arbitration. *See, e.g., HK (UK) Ltd. v. Ashapura Minechem

Ltd.*, No. 08 Civ. 9436 (SAS), 2009 WL 4906536, at *2 (S.D.N.Y. Dec. 18, 2009) ("IHX claims

that it relied on the Second Circuit's prior decisions upholding maritime attachments and now

will be unable to secure the judgment already awarded in arbitration. IHX's contention is not

compelling, particularly where the initial attachment was infirm and IHX has been unable to

show that this Court has any basis to exercise jurisdiction over Ashapura."). Based on *Hawknet*,

the Court is unable to avoid the retroactive application of *Jaldhi* based on the equitable concerns

raised by Plaintiff.

Plaintiff next argues that since the restrained funds were moved to suspense accounts by the garnishee bank, they no longer fall under *Jaldhi*'s holding, which applied to EFTs.  Courts in this District have rejected this argument as a formalistic attempt to sidestep the clear ruling in *Jaldhi*.  *See, e.g., Argus Dev. Inc. v. Steelcore Trading Ltd.*, No. 09 Civ. 6009 (JGK), 2009 WL 4016626, at *1 (S.D.N.Y. Nov. 16, 2009) ("No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached"); *Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC*, No. 09 Civ. 7164 (LTS), slip op. at 1 (S.D.N.Y. Nov. 16, 2009) ("Because the initial attachment was improper, the deposit of the funds into a segregated account, absent consent of the defendant, did not cure the problem addressed in [*Jaldhi*]."); *see also Consub Delaware L.L.C. v. Schahin Eugenharia Limitada*, No. 06 Civ. 13153(SAS), 2009 WL 4858078, at *3 (S.D.N.Y. Dec. 15, 2009) ("[Plaintiff] now asks this Court to draw a line between EFTs in the possession of an intermediary bank and the interest created by the originator's right of refund in those same EFTs.  Yet [Plaintiff] ignores the fact that for the situs of such intangible interest to be found in New York, [the intermediary bank] must owe an obligation to repay the funds directly to [the Defendant-Originator rather than the originating bank].  It does not. . . .").

Lastly, Plaintiff argues that the Court should apply a New York State intermediate appellate court decision, *Palestine Monetary Authority v. Strachman*, 873 N.Y.S.2d 281 (N.Y. App. Div. 2009) ("*PMA*"), instead of *Jaldhi*.  *Jaldhi* remains binding precedent on this Court. Regardless, as Judge Chin has noted, Plaintiff's reliance on *PMA* to argue against *Jaldhi*'s interpretation of New York law is "misplaced. . . . *PMA* holds that only the banks involved in an EFT transaction possess a property interest in an EFT.  *PMA*, [873 N.Y.S.2d at 292-94]; *see also Jaldhi*, 585 F.3d at 71 (holding that, under New York law, "EFTs are neither the property

3

of the originator nor the beneficiary while briefly in the possession of an intermediary bank").”

*Deval Denizcilik Ve Ticaret A.S. v. Italiana*, No. 09 Civ. 0367 (DC), 2009 WL 5179015, at *3

(S.D.N.Y. Dec. 23, 2009).

**II.   Conclusion**

For the reasons stated above, Defendant's motion is granted.  The order of attachment

issued in this case is hereby vacated, and we order that the funds attached pursuant to that order

be released immediately.  As the Plaintiff has not put forth a basis for personal jurisdiction over

the Defendant other than the attached funds, this case is dismissed without prejudice or costs to

any party for lack of personal jurisdiction.  The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated:  Feb. 18, 2010
         New York, NY

_____
                      U.S.D.J.

4

# EXHIBIT 5

**Michael Mitchell**

| From: | Rahul Wanchoo [rwanchoo@wanchoolaw.com] |
|---|---|
| Sent: | Thursday, March 04, 2010 1:04 PM |
| To: | 'Lilian Philiposian' |
| Cc: | 'Kevin McGee' |
| Subject: | Everspeed Enterprises Limited Pte. Ltd v. Skaarup Fortune Shipping Ltd. 1:09-cv-01319-LBS |
| Attachments: | EFT Attachment.pdf; Order 021810.pdf |

| Importance: | High |
|---|---|

Dear Lilian,

We represent the Defendant, Skaarup Fortune Shipping Ltd. ("Skaarup") in the captioned matter. On or about February 20, 2009 JP Morgan Chase restrained $894,050.00 of EFTs which originated from Skaarup pursuant to the PMAG served by the Plaintiff on the bank. Please be advised that on February 18, 2010 Judge Sand vacated the order of attachment and ordered that the funds be released immediately. A copy of Judge Sand's Order is attached for your information. Please also note that the 14 day automatic stay of the judgment has now expired.

Accordingly, please release the funds and return the **$894,050.00** to the originating bank for return to Skaarup. Thank you for your cooperation in this matter.

Best regards,

Rahul Wanchoo

**Wanchoo Law Offices, LLP**
350 Fifth Avenue | 59th Floor | New York, NY 10118
(646) 593-8866 T | (646) 355-0244 F
24, Old Chimney Road |Upper Saddle River | New Jersey 07458
(201) 783-8560 T| (646) 355-0244 F

www.wanchoolaw.com

***NOTICE***
This message is being sent by a lawyer. It may contain attorney-client or attorney work-product information subject to legal privilege. If you receive this email in error, please notify the sender. Thank you.

1

EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EVERSPEED ENTERPRISES LIMITED
PTE. LTD.,                                                                    09-CV-1319 (LBS)

                                          Plaintiff,         **PROPOSED TURN OVER ORDER FOR**
                                                             **GARNISHEE BANK(S) TO RELEASE**
                                                             **ATTACHED FUNDS**

            -against-

SKAARUP FORTUNE SHIPPING LTD.,

                                          Defendant.
-----------------------------------------------------------X

        WHEREAS, on February 13, 2009, Plaintiff Everspeed Enterprises Limited Pte. Ltd.,

("Plaintiff"), filed a Verified Complaint for damages amounting to $49,690,801.00 inclusive of

interest, costs and reasonable attorneys' fees and seeking an order for the issuance of process of

maritime attachment and garnishment ("PMAG") pursuant to Rule B; and

        WHEREAS, on February 17, 2009, this Court issued an ex parte order for process of

maritime attachment in the amount of $49,690,801.00 against Defendant Skaarup Fortune

Shipping Ltd. ("Defendant"); and

        WHEREAS, the PMAG was served upon a number of garnishee banks; and

        WHEREAS, on or about February 24, 2009, garnishee J.P. Morgan Chase Bank ("JP

Morgan Chase") attached about $894,050.00 in the form of an electronic fund transfer ("EFT")

originated by Defendant pursuant to Rule B; and

        WHEREAS, on or about November 23, 2009, the Court ordered Plaintiff to show cause

as to why the order of attachment in this case should not be vacated and any attached funds

released in light of the Second Circuit's decision of *Shipping Corp. of India v. Jaldhi Overseas*

*Pte Ltd.* 585 F.3d 58 (2d Cir. 2009); and

        WHEREAS, on or about January 20, 2010, Plaintiff submitted its response to the Order

dated November 23, 2009 of why the attachment issued in this matter should not be vacated; and

WHEREAS, on February 18, 2010, the Court entered an Order vacating the attachment and ordered that the funds attached pursuant to that order be released immediately. The Court also dismissed the action without prejudice or costs as the Plaintiff had not put forth a basis of personal jurisdiction over the Defendant other than the attached funds; and

WHEREAS, on or about March 4, 2010, Plaintiff filed a motion for stay of execution of the Court's Order dated February 18, 2010 vacating the maritime attachment; and

WHEREAS, on or about March 11, 2010, Plaintiff filed an appeal to the United States Court of Appeals for the Second Circuit from the Order of this Court vacating the ex parte order of maritime attachment; and

WHEREAS, on or about March 31, 2010, the parties filed a Stipulation with the Second Circuit withdrawing the appeal with the condition that Plaintiff had until April 15, 2010 to reinstate the appeal, which was "So Ordered" by the Court of Appeals on April 8, 2010; and

WHEREAS, on April 15, 2010, the Court denied Plaintiff's request for stay of execution of the vacatur order pending appeal; and

WHEREAS, Plaintiff's time to reinstate the appeal has now expired.

**IT IS HEREBY ORDERED** as follows:

The EFT originated by Defendant and attached by JP Morgan Chase in the amount of $894,050.00 is hereby released and shall be transferred to Defendant pursuant to instructions to be furnished to the garnishee bank by Defendant's counsel, Wanchoo Law Offices, LLP.

Hon. Leonard B. Sand
United States District Judge

Dated:  April 19, 2010
        New York, New York

2

EXHIBIT 7



存案 File

公司註冊處
**Companies Registry**

公司購買本身股份申報表
## Return by a Company Purchasing
## its Own Shares

(公司條例第49G(1)條)
(Companies Ordinance s. 49G(1))

表格 Form
**SC2**

重要事項　**Important Notes**

● 填表前請參閱《填表須知》
Please read the accompanying notes before completing this form.
● 請用黑色墨水填寫
Please print in black ink.

公司編號　Company Number

986045

公司名稱　**Company Name**

凱興海運有限公司
**SKAARUP FORTUNE SHIPPING LIMITED**

公司根據《公司條例》第 49B 條購買的股份
**Shares Purchased by the Company under section 49B of the Companies Ordinance**

| 股份類別<br>Class of Shares | 股數的數目<br>Number of<br>Shares | 每股的面值<br>Nominal Value<br>of Each Share | 股份交付予公司的日期<br>Date on which<br>the Shares were Delivered<br>to the Company<br>(日DD/月MM/年YYYY) | 每股股所支付的<br>最高價格<br>Maximum<br>Price Paid for<br>Each Share<br>(註Note 5) | 每股股所支付的<br>最低價格<br>Minimum<br>Price Paid for<br>Each Share<br>(註Note 5) |
|---|---|---|---|---|---|
| Ordinary | 300,000 | HKD1.00 | 5/10/2007 | N/A | N/A |

請註明貨幣單位（例如：港元，美元）
Please specify the currency (e.g. HKD, USD).

貨幣單位
Currency

款額
Amount

(註Note 3) 公司就上述股份所支付的總額
The Aggregate Amount Paid by the Company
for the above Shares

USD

$528,673.00

簽署 Signed

姓名 Name　Thomas D. Behe

日期 Date　5/10/2007

董事 Director / 秘書 Secretary

日DD 月MM 年YYYY

(註Note 3) 請刪去不適用者 Delete whichever does not apply

(註Note 3) 提交人的資料 **Presentor's Reference**

姓名 Name：CCHL Secretaries Limited

地址 Address： 12/F., 3 Lockhart Road, Wanchai, Hong Kong.

購本表格本欄 **For Official Use**



電話 Tel： 2527 5306　　傳真 Fax： 2865 4949

0131

I certify that this is a true copy of the document
(Ref. No.: 22700241132, Page 1 of 1) kept and
registered at the Companies Registry.

本人證此核證 此文件《參考編號: 22700241132,
第1頁, 共1頁》為真正副本正本已在公司註冊處登
記及備存紀錄。

Miss Winnie K. W. WONG
for Registrar of Companies
公司註冊處處長
(黃家穎 代行)
22-OCT-2009
二〇〇九年十月二十二日

表格
Form **AR1**

公司編號 Company Number

**986045**

**12 董事 Director**

**A. 個人董事 Individual Director**

(如超過一名個人董事，請用續頁 C 填報。 Use Continuation Sheet C if more than 1 individual director)

請在適用的空格內加上 "✓" 號 Please tick the relevant box(es)

| (見 Note 19) 身份 Capacity | ☑ 董事 Director | ☐ 候補董事 Alternate Director | 代替 Alternate to |
|---|---|---|---|
| | | | N/A |

| 中文姓名 Name in Chinese | Nil |
|---|---|

| 英文姓名 Name in English | BENE | Thomas D. |
|---|---|---|
| | 姓氏 Surname | 名字 Other Names |

| 前用姓名 Previous Names | Nil |
|---|---|

| 別名 Alias | Nil |
|---|---|

| (見 Note 20) 住址 Residential Address | 39 Sheridan Drive, New Canaan, CT 06840-2327, U.S.A. | U.S.A. |
|---|---|---|
| | | 國家 Country |

| (見 Note 21) 電郵地址 E-mail Address | N/A |
|---|---|

| (見 Note 22) 身份證明 Identification | | |
|---|---|---|
| a. 香港身份證號碼 Hong Kong Identity Card Number | | Nil |
| b. 護照 Passport | Germany | 3244501724 |
| | 簽發國家 Issuing Country | 號碼 Number |

I certify that this is a true copy of the document
《 Ref. No.: 22800383714, Page 5 of 10 》 kept and
registered at the Companies Registry.

本人謹此核證：此文件《參考編號：22800383714，
第5頁，共10頁》為真正副本正本已在公司註冊處
登記及備存紀錄

Miss Winnie K. W. WONG
for Registrar of Companies
公司註冊處處長
（黃家穎 代行）
22-OCT-2009
二○○九年十月二十二日

